# 22nd Judicial Circuit Drug Task Force Narcotics Investigations

Case # 2 0 0 4 0 6 0 1 5

Subject (s) ☐
Suspect (s) ☐   Laryie Earl Jones and Linda Jean Austin
Defendant (s) ☒

Charge (s) : Possession of Controlled Substance, Possession of Drug Paraphernalia

Statement of : Paul Hudson         Investigator         06/30/2004
              Officer              Rank                Date

On 06/22/2004 I was called by Agent Chris Byrd to the scene of a traffic stop he had made on a dirt rd. just off County Rd. 95. When I arrived I walked my K9 partner around the vehicle and got an alert on the front driver side door and the front passenger side door of the vehicle. There was nothing found in the vehicle when it was searched. Agent Dean ask Linda Jean Austin if we could look through her purse and she agreed to let us. Agent Dean found a smoking device used for smoking Crack Cocaine in her purse. I advised Austin of her Miranda rights and she was then ask about the smoking device. She at first stated that she did not know where it came from but then stated the smoking device belonged to Laryie Earl Jones, the driver. Jones stated that the smoking device was not his but belonged to Austin. Agent Odom and I conducted a taped interview with Austin and she again stated that the smoking device belonged to Jones and he was getting his Crack from Scotty Edwards in Florala, Al. Austin stated that Jones handed her the smoking device when the blue lights come on and he started to pull over. Austin stated that she saw Jones smoke Crack in the smoking device earlier in the day on 06/22/2004.............END OF STATEMENT............

1

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA
EX PARTE
LARYIE EARL JONES,
    DEFENDANT,
V.                    CASE NO: CC-2003-187-418-419
STATE OF ALABAMA,                2004-347
    PLAINTIFF.



DENIED
August 25 2005
[signature]
CIRCUIT JUDGE

## Motion For Change of Place of Trial or Dismiss The Indictment

Come Now The Defendant LARYIE EARL JONES, PRO, SE, Move this Honorable Court For Change of Place of Trial, And as therefore states the Following grounds:

1. On or About September 17, 2002, The Defendant were arrested and charge with Possession of Drug Paraphernalia a Class (A) Misdemeanor, And Because of Residue in the Paraphernali He was charge with a Possession of Controlled Substanc in Case Number CC-2003-187.

FILED IN OFFICE
AUG 15 2005

2. On or About May 14, 2003, The Defendant were arrested and charge with Possession of Drug Paraphernalia a Class (A) Misdemeanor, And Because of Residue in the Paraphernali He was charge with a Possession of Controlled Substance in Case Number CC-2003-418.

2

3. On or about June 11, 2003, the Defendant were arrested and charge with possession of drug paraphernalia a class (A) misdemeanor, and because of residue in the paraphernlia he was charge with a possession of controlled substance, in case number CC-2003-419.

4. On or about July 14, 2004, the Defendant were arrested and charge with possession of drug paraphernalia a class (A) misdemeanor, and because of residue in the paraphernlia he was charge with a possession of controlled substance in case number CC-2004-347, the Defendant has been sleeping on the floo for 12 months

. In cases numbers CC-2003-187-418-419, the Defendant has served 20 months, in case number CC-2004, the Defendant has served 13 months with an excessive $200,000 bail, and no bail in cases CC-2003-187-418-419.

FILED IN OFFICE
AUG 1 5 2005

. The Defendant request for change of PLACED TRIAL TO THE nearest county free from prejudice, this court has shows that an unfair and impartial trial and an unbiased verdict cannot be reasonably expected in this county in which the Defendant is to be trial, because in case CC-2003-187 there is 36 months delay prejudice the Defendant, in case CC-2003-418 there is 24 months delay prejudice the Defendant, in case CC-2003-419 there is 23 months delay prejudice the Defendant in case CC-2004-347 there is 13 months prejudice the

3

Defendant, which violated the Defendant Constitutional Right to Due Process of Law. Norris V. Frame, C.A.Pa. 1978, 585 F.2d 1183.

1. Due Process Requires that Pretrial detainee Not be Punished. Schall V. Martin, N.Y. 1984, 104 S.Ct. 2403, 467 U.S. 253, 81 L.Ed.2d 207.

. No Pretrial detainee should be Held in the Same Cell or Cell Block of County Jail with Any Person who Has Been Convicted of A Crime And Sentenced. Alberti V. Sheriff of Harris County, Texas, D.C. Tex. 1975, 406 F.Supp. 649.

. Ill.S.H.A. Ch. 110A. 57-604(A)(3), providing that "A defendant shall not be held in jail or to bail during the Pendency of an appeal by the state, or of a petition or appeal by the state unless there are compelling reasons for his continued detention or being held to bail. U.S. ex. Rel. Fitzgerald V. Jordan, C.A. Ill. 1984, 747 F.2d 1245.

FILED IN OFFICE
AUG 15 2005

. State Lacks the Authority to Subject Pretrial detainees to the Same Punishing Circumstances as Convicted Person; imposition of Punishment without Conviction deprives the Accused of due Process. Alberti V. Sheriff of Harris County, Texas, D.C. Tex. 1975. 406 F. Supp. 649.

4

1. This Clause protects pretrial detainees from abusive treatment, and decisions applying cruel and unusual punishment clause serve as useful analogies. Patzig v. O'Neil C.A.Pa. 1978, 577 F.2d 841.

2. An individual's Constitutional Rights, Relative to detaivment in a House of defention, May Not be sacrificed on the ground that the city has other and more pressing priorities, since to do so would be to discriminate grievously against poor person who cannot afford bail. Rhem v. Malcolm, C.A.N.Y. 1975, 527 F.2d 1041.

3. Although Eighth Amendment has no application to pretrial detainees Retain constitutional Rights derived from the due process clause of the Fourteenth Amendment. Robinson v. Moses, N.D. Ind, 1986, 644 F.Supp. 975

4. This clause forbids punishment of person held in custody awaiting trial. Odom v. Tripp. D.C.Mo. 1983, 575 F.Supp. 491.

5. Whether imposition of punishment on pretrial detainees onfined in county jail was violative of their Rights under Amend (8) was questionable, but it was clearly a violation of their Rights under this clause and Equal protection clause of this Amendment to subject them to any form of punishment for confinement beyond

FILED IN OFFICE
AUG 15 2005

5 THAT WHICH WAS REASONABLY NECESSARY TO INSURE THEIR PRESENCE AT TRIAL. Vest v. Lubbock County Com'rs Cour't D.C. Tex. 1977, 444 F. Supp. 824, Pretrial detainee is entitled to protection from cruel and unusual punishment as matter of due process. Owen-El v. Robinson D.C. Pa. 1978, 442 F. Supp. 1368.

6. Before pretrial detainees may be subjected to loss of privileges for more than one day, isolation, reduced diet, or loss of all privileges there must be: (1) Hearing before impartial officer not involved in the transaction or in investigation of the charges, (2) Reasonable advance oral or written description of the charges in advance of a hearing, (3) general Right to confront present witnesses at hearing, (4) Right to confront and question accusers and (5) Short, written statement of conclusions composed by hearing officer and given to inmate Inmates of Milwaukee County Jail v. Peterson, D.C. Wis 1973, 353. F. Supp. 1157.

FILED IN OFFICE
AUG 1 5 2005

7. L.S.A-Const. Art. 1-12, Providing that all persons shall be available by sufficient sureties, except persons charged with a capital offense, where proof is evident or presumption great, etc, does not deny a defendant who is charged with a capital offense, in case where proof is evident or presumption great of due process of law, or equal protection of the law and privileges and immunities guaranteed him by the constitution and of law United States. McCarroll V.

6

8. THE DRUG PARAPHERNALIAS ALL FOUR WHERE SENT to Opelika ALABAMA to C. RANDALL CLARK, PH.D. MR. MARK Odom is the one who SENT them on MAY 11, 2005. DEFENDANT ENCLOSE A COPY of the REPORT of the ANALYSIS, IN the REPORT of THE RESULTS, the EVIDENCE of these CASE WAS to be CHARGE All MISDEMEANORS ONLY DRUG PARAPHERNALIAS, BECAUSE THERE ARE NOT ANY detectible AMOUNT of CONTROLLED SUBSTANCE to SUPPORT A CONVICTION

WHEREFORE THE DEFENDANT REQUESTS UPON THIS MOTION THAT tHE COURT PERMIT A RULE 16.4 PROTECIVE ORDER AND CONDITIONS of DISCOVERY to MAKE SUCH SHOWING IN A PART of the INDICTMENT IN the FORM OF A WRITTEN STATEMENT to be INSPECTED by the JUDGE ALONE ALSO PERMIT A RULE 16.3 CONTINUING DUTY to DISCLOSE ALL CONTROLLED SUBSTANCE CHARGES, AND REMAND the PARAPHERNALIAS to the district COURT OR CHANGE of PLACE of TRIAL Do to PREJUDICE FOR delAY DEFENDANT PRAYS that this HONORABLE COURT TAKE ACTION IN this MATTER AND PLEADING AND GRANT HIS MOTION AND A HEARING BE HELD AS A MATTER OF LAW AND AN ORDER ANSWER NAMED AS the PLAINTIFF be given At the EARLIEST POSSIBLE TIME. RESPECTFULLY SUBMITTED this the 11 DAY of AUG 2005.

FILED IN OFFICE
AUG 15 2005
_____ CLERK

Larry Earl Jones

I DECLARE UNDER PENALTY of PERJURY that the ABOVE PLEADING IS TRUE AND CORRECT. 8-11-05  Larry Earl Jones

C. Randall Clark, Ph.D.  
2207 Heritage Drive  
Opelika, AL 36804  

Home  (334) 749-8138  
Office (334) 844-8326  
Fax    (334) 844-8331  

June 16, 2005

Mr. Sydney Albert Smith  
122 Cordelia Ave N  
Elba, AL 36323-1914  

Dear Mr. Smith:

This is to report the results of my analysis of the samples involving Mr. Laryee Earl Jones. I received four plastic bags from Mr. Mark Odom on May 11, 2005. Each of the four bags contained a small device made up of a metallic tube portion and a rubber-tubing portion. I washed the metallic portion of these devices individually with HPLC grade acetonitrile (an organic solvent of high purity) and did a gas chromatographic-mass spectral analysis on each of the resulting solutions. The case numbers and other identifying information and the results of each analysis are as follows:

> Sample 1. Case # 2004-06-015, 04DH02237, Suspect-Laryee Earl Jones, Linda Jean Austen, Date of Recovery-6/22/2004. The solution obtained from washing the device is positive for cocaine.
> Sample 2. Case # DR-00474, 02DH02415, Suspect-Laryee Earl Jones, Date of Recovery-9/17/2002. The solution obtained from washing the device is positive for cocaine.
> Sample 3. Case # DR-00504, 03DH01861, Suspect-Laryee E Jones, Date of Recovery-6/11/2003. The solution obtained from washing the device is positive for cocaine.
> Sample 4. Case # 2003-05-009, 03DH01766, Suspect-Larryie Earl Jones, Date of Recovery-5/14/2003. The solution obtained from washing the device is positive for cocaine.

The solutions of cocaine obtained in the course of these analyses have been destroyed. The plastic bags of evidence will be returned to Mr. Mark Odom or other appropriate official. If you have any questions concerning this information please contact me.

Sincerely,

*C. Randall Clark*

C. Randall Clark, Ph. D.

FILED IN OFFICE  
AUG 1 5 2005  
CLERK