IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:05-CV-701-F |
| ) | |
| ANTHONY CLARK, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ANSWER

Come now the Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on August 2, 2005.

## PROCEDURAL HISTORY

Petitioner, Laryie Earl Jones, is presently awaiting trial in Covington County, Alabama, on four indictments by the Covington County Grand Jury for possession of cocaine and drug paraphernalia. The first indictment, CC-2003-187, was returned on February 14, 2003. The second and third indictments, CC-2003-418 and CC-2003-419, respectively, were returned on September 17, 2003. The fourth indictment, CC-2004-347, was returned on October 13, 2004.

Jones filed a Motion For Fast And Speedy Trial in CC- 418, 491 and CC-187 on November 4, 2004. (Exhibit A) The case action sheets do not indicate the date on which the motion was considered or denied. On March 3, 2005, Jones filed a petition for Writ of Habeas Corpus in CC-418, 419 and 187. This petition was denied on March 4, 2005. (Exhibit C) Jones filed a petition for habeas corpus relief in CC-347 on March 30, 2005. That petition was denied on April 20, 2004. (Exhibit B)

The Respondents have been unable to obtain complete records on Jones's petitions and the appeals of the denials of those petitions. Our limited records show that he did appeal from the denial of some petitions in which he raised the speedy trial claim, and that the Alabama Court of Criminal Appeals denied relief on the appeals. (Exhibits D, E, F and G)

The trial on the charges is set for September 26, 2005.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1) He has been denied a speedy trial because he has been in jail without bail for thirteen months;

2) He is being detained unlawfully because his bail in the amount of $200,000 is excessive, which constitutes a denial of due process;

3) He is being held unlawfully because he has been awaiting trial for thirteen months, and he has been waiting for results of tests performed on drug paraphernalia.

2

## CLAIMS RAISED ON DIRECT APPEAL

Jones has not been tried or convicted on the charges. Therefore, has been no occasion for a direct appeal in his cases.

## EXHAUSTION OF CLAIMS RAISED
## IN THE FEDERAL HABEAS PETITION

### (A)

### EXHAUSTED CLAIMS

Jones filed petitions in the state court raising the speedy trial claim. It appears that he also filed some appeals to the Alabama Court of Criminal Appeals, which dismissed some appeals, without explanations, and dismissed at least one appeal because it was from a non-appealable order. (Exhibit G)

**Jones's Petition Should Be Dismissed Because It Does Not Contain Any Ground On Which He Is Entitled To Relief.**

### (A)

**The Speedy Trial Claims Raised In the Habeas Petition are Moot.**

Jones seeks federal habeas relief on the ground that he has been denied a speedy trial by the State of Alabama, and that he is currently in jail awaiting a trial. His pre-trial speedy trial claim is moot because his cases are scheduled for trial on

September 26, 2005. Jones will apparently obtain the trial that he has been demanding.

### (B)

### Even If His Claim Is Not Moot, He Is Not Entitled To A Dismissal Of The State's Indictments Because That Relief Is Not Available In A Federal Habeas Corpus Petition.

Jones's claims, as the Respondent understands them, seek immediate release from State custody because he is being denied a speedy trial and is being held unlawfully, without bail, and that the amount of $200,000 for bail is outrageously high. He also contends he is still waiting on test results on the drug paraphernalia.

Jones is not entitled to any federal habeas relief on his claim that he is entitled to immediate release from custody because he has not been brought to trial. The issue of whether a habeas corpus petitioner could obtain relief before he has been tried on the indictments was discussed in Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976). The court stated in Brown:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' Id. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that

4

there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. See Tooten v. Shevin, 493 F.2d 173 (5 Cir. 1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

The district court found that petitioner was claiming that he had been denied a speedy trial and sought dismissal of indictments, and that he did not seek a present trial on the indictments. The court then assumed that the claim was cognizable and proceeded to determine whether Brown had exhausted available remedies. We believe that the decision that the claim was amenable to federal habeas corpus relief was error, in that a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' 410 U.S. at 490, 93 S. Ct. at 1127, 35 L. Ed. 2d at 449. To permit such an attempt would short circuit the judicial machinery of the state courts in violation of the long line of precedent cited by Justice Rehnquist in his Braden dissent. See 410 U.S. at 508--09, 93 S. Ct. at 1136--37, 35 L.Ed.2d at 460--61.

Brown, 530 F.2d at 1282-1283.

It is clear that Jones is seeking immediate release from custody instead of an order for an immediate trial in his habeas petition. He is attempting to assert an affirmative defense to a charge before the State of Alabama has convicted him of the charge.

Although the Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) recognized the availability of federal habeas corpus to litigate the merits of an affirmative defense to a state criminal charge prior to conviction, it noted that "special circumstances" need to exist before the federal habeas court exercises that discretion. Braden, 410 U.S. at 490. Braden, however, specifically indicated that its decision does not convert "federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" Id. at 493.

Jones has not demonstrated the "special circumstances" needed to require this Court to grant habeas corpus relief on a motion raising a speedy trial issue or a request for immediate release from custody. Jones, obviously, is implying that he should not be forced to endure an unconstitutional trial because he is entitled to be released on the ground that he was denied a speedy trial. This claim, however, is insufficient to obtain habeas relief. This specific claim was discussed by the court in Dickerson v. State of La., 816 F.2d 220. (5th Cir. 1987). The court stated:

> The premise of Dickerson's argument is that he has a right not to stand trial. Dickerson can be seen as arguing that in order to vindicate this right, there must be some pre-trial forum available to adjudicate his constitutional claim because otherwise he would be required to go through an unconstitutional trial. Consequently, Dickerson appears to be arguing that his sixth amendment right to a speedy trial is important enough to constitute a "special circumstance" under Braden.

Id. at 227.

6

The court in <u>Dickerson</u> denied relief on that claim and stated:

> We decline to accept Dickerson's analysis that the sixth amendment right to a speedy trial is a per se "special circumstance" because to do so would eliminate the careful distinction drawn by the court in <u>Braden</u> and reiterated in cases like <u>Brown</u> and <u>Atkins</u> [v. People of State of Mich., 644 F.2d 543 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial. We know of no case authority that holds that the constitutional right to a speedy trial qualifies as a per se "special circumstance" that obviates the exhaustion requirement. Indeed, the cases in which claims similar to Dickerson's have been raised have denied habeas relief on exhaustion and federalism grounds. See, e.g., <u>Brown</u>, 530 F.2d at 1282-84; see also <u>Atkins</u>, 644 F.2d at 546-47; <u>Moore</u>, 515 F.2d at 444-46.

Id. at 227.

The court in <u>Dickerson</u> also noted that <u>Braden</u>'s holding "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of a state's criminal processes." <u>Id</u>. at 226. The court in <u>Dickerson</u> further noted that "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial" even if the claim has been exhausted in state court. <u>Id</u>. at 226. Consequently, as stated in <u>Brown</u> and <u>Dickerson</u>, habeas corpus relief for Jones is not obtainable because he is attempting to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493 (1973).

The rationale applied in Brown and Dickerson to deny relief on pre-trial habeas corpus petitions that raised claims involving speedy trials has been followed by other courts. See Lee v. Louisiana, 2001 WL 83239, at *2 (E.D.La. Jan 29, 2001) ("This Court is also mindful of the instructions of the Fifth Circuit in Brown v. Estelle, 530 F.2d 1280 (5th Cir.1976). Therein, the court reiterated the long established principal that "federal habeas does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense, to a state criminal charge prior to judgment of conviction by a state court." Id. at 1283.").

### (C)

**Jones Is Not Entitled To Relief On This Claim In A Pre-Trial Habeas Corpus Because He Still Has A Remedy Under State Law To Obtain Review Of The Claim.**

Jones may still raise his speedy trial claim on direct appeal if he is subsequently convicted of the charges. Therefore, he is not entitled to federal habeas corpus relief because he can still raise this claim in state court on direct appeal from any conviction.

In Dickerson v. State of La., 816 F.2d 220 (5th Cir. 1987), the court noted that habeas corpus relief should not be granted on claims that could still be decided on the merits at trial in the state court. Dickerson states:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c) (3), a body of case law has

8

developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., Braden, 410 U.S. at 489-92, 93 S.Ct. at 1126-28; Ex parte Royall, 117 U.S. 241, 250-54, 6 S.Ct. 734, 739- 41, 29 L.Ed. 868, 871-72 (1886); Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976). See also Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir.), cert. denied, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979), cert. denied, 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir.1975).

Dickerson, 816 F.2d at 225.

## CONCLUSION

Whereas Respondents have shown that Jones is not entitled to relief on his claims, this petition should be denied.

**EXHIBITS SUBMITTED**

Motion Fast and Speedy trial- Exhibit A

Writ of Habeas Corpus-Exhibit B

Writ of Habeas Corpus-Exhibit C

Application For Rehearing-Exhibit D

Motion To Dismiss Indictment-Exhibit E

Writ of Habeas Corpus-Exhibit F

Motion To Dismiss Indictment-G

Case Action Summary Sheet on CC-2003-187-Exhibit H

Case Action Summary Sheet on CC-2004-347-Exhibit I

Case Action Summary Sheet on CC-2003-418-Exhibit J

Case Action Summary Sheet on CC-2003-419-Exhibit K

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama

s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2005, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the following non-CM/ECF participants:   Laryie Earl Jones, AIS #156610, Covington County Jail, 290 Hillcrest Dr., Andalusia, Alabama 36420

> s/James B. Prude
> James B. Prude (PRU005)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334)  242-7300
> Fax:  (334) 242-2848
> E-Mail:  JPrude@ago.state.al.us

219456/84051-001