**EXHIBIT B**

IN THE CIRCUIT COURT OF Covington COUNTY, ALABAMA

EX-PARTE, LARYIE EARL JONES,
                    Petitioner,

V.

STATE of ALABAMA,
                    Respondanted.

**ORDER** March 31, 2005
A hearing on the matters contained in this document is set for 04/20/05 at 9:00 A.m.
CASE NO. CC-2004-347
/s/ Ashley McKathan, CIRCUIT JUDGE

**DENIED** April-20, 2005
/s/ Ashley McKathan, Judge

"WRIT OF HABEAS CORPUS PETITION"

COME NOW LARYIE EARL JONES, PRO, SE, AND PETITION THE ABOVE-NAMED COURT FOR WRIT OF HABEAS CORPUS PETITION TO PREMISE CONSIDERED OF ACTION SHOULD BE TAKEING OF COVINGTON COUNTY CIRCUIT COURTS AND SHOWS THE FOLLOWING IN SUPPORT OF THIS PETITION.

FILED IN OFFICE MAR 30 2005
/s/ Ray A. [Powell]

JUNE, 22, 2005

1. ON OR ABOUT JULY 1, 2004 PETITIONER WERE ARRESTED AND CHARGE WITH POSSESSION DRUG PARAPHERNALIA, AND CAUSE OF RESIDUE HE WAS CHARGE WITH POSSESSION OF A CONTROLLED SUBSTANCE, AND HIS BAIL WERE SET AN EXCESSIVE $200,000

2. PETITIONER CLAIMS HE NEVER HAD AN 72 HOUR HEARING ON THESE CHARGES, HIS CLAIMS, NO ONE READ HIM HIS MIRANDA RIGHTS, PETITIONER REQUESTS THAT THESE CHARGES BE DROP. BECAUSE THE STATE HAS VIOLATES HIS DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, AND THE FOURTH, FIFTH, SIXTH, AND EIGHTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES. THE STATE VIOLATES PETITIONER RIGHTS.

3. It is a violation of the Due Process and Equal Protection Clauses. Petitioner has being held in jail 9 months from June 22, 2005. Which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

FILED IN OFFICE
MAR 3 0 2005

4. Wherefore Petitione Miranda Rights were never was read to him. He never had a 72 hour hearing. The state has violates. Also see, The Book of Criminal Procedure. Pt. 2 18 3164, <u>Persons detained or designated as being of high Risk</u> Ch. 208, <u>Speedy Trial</u>, (c) Failure to commence trial of a detainee as specified in subsection (B). through no fault of the accused or his counsel, or failure to commence trial of a designated release as specified in subsection (B), through no fault of the attorney for the Government, shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (A), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial. A designated releasee, as defined in subsection (A), who is found by the court to have intentionally delayed the trial of his case shall be subject to an order of the court modifying his nonfinancial conditions of release under this title to insure that he shall appear at trial as required. Petitioner demanded to be release from custody, he being held over 9 months.

Dismissal for Unnecessary delay, See Wright. Crim 2d. 814

5. Proper Sanction for a violation of the 90-day interim speedy trial rule would be a Release from Custody rather than a dismissal of the indictment. U.S. v. Gaines, C.A. Cal. 1977, 563 F.2d 1352.

6. Release of Petitioner from Custody, and Nothing less, is Sanction for delay beyond 90-day period specified by interim Limits Contained in this section; Nothing more than Release of Petitioner from Custody is Required under interim Limits of this section. U.S. v. Krohn, C.A. Ill. 1977, 560 F.2d 293, U.S. 895, 54 L.Ed. 2d 182

7. Release of the Petitioner from Custody, and Nothing less is the sanction under this section for delay beyond 90-days of Arrest in bringing the Petitioner to Trial. U.S. v. Tirasso, C.A. Ariz, 1976, 532 F.2d 1298

FILED IN OFFICE
MAR 30 2005

8. Wherefore Petitioner has served over (9) Months in Custody, he prays that this Honorable Court grant his Petition and as a matter of Law, Release him from Custody or Let an Hearing be Held, an Automatic Review of the Conditions of Release.

Respetfully submitted this the 24 day of MAR, 2005.

*Sargis Earl Jolles*
Petitioner

Wherefore the Premises Considered, Petitioner Prays the Court grant the Petition and order that an answer to the Petition be filed by Respondents, At the earliest time possible.

I declare under Penalty of Perjury that the Above Petition is true and correct.

MAR 24 2005
Date

_Sarpie Earl Jones_
Petitioner.

"Certificate of Service"

I certif that a copy of the foregoing Habeas Corpus, Petition, has been served on each of the parties named as Respondents/or for all parties to this Proceed by mailing the same to each by First Class United States mail properly addressed and posted prepaid or by personal service on this the 24 day of MAR, 2005.

_Sarpie Earl Jones_
Petitioner.

FILED IN OFFICE
MAR 30 2005
_[signature]_
CLERK

EARL JONES
illCREST DR
USiA, AL 36420

CLERK of Circuit Court
of Covington County Courthouse
ANDALUSiA, AL 36420