EXHIBIT

DENIED

March 4, 2005

CIRCUIT JUDGE

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

X PARTE, LARYIE EARL JONES,

          Petitioner,

     V                              CASE No. CC 2003-418-419-187.

STATE OF ALABAMA,

     Defendant,                     FILED IN OFFICE
     Respondent.
                                    MAR 0 3 2005

"FOR WRIT OF HABEAS CORPUS"

Come Now LARYIE EARL JONES, PRO, SE, And Petitions the Above-Named Court For A Writ of Habeas Corpus to Premises Considered of Action Should be takeing, of Covington County Circuit Court And Shows the following in support of this Petition.

On or About SEP, 17, 2002, Petitioner were Arrested And Charge with Poss of drug Paraphenalia, See Attch Sheets, Alabama Uniform Arest Report Page "①" one, Also See Pages ② two ③ three, In All Three Charges, The Paraphenalias were sent to Department of Forensic Sciences, to be tested for Residue All Three Came Back Postive, Petitioner were Charge three Counts Poss, Controlled Substance A Class (C) Felonys And three class (A) Misdemeanor.

FILED IN OFFICE

MAR 0 3 2005

# "FACTS"

1. THE UNSENTENCE PETITIONER is being HELD iN the CoVington
COUNTY JAIL, SiNCE JUNE 22, 2004, With AN EXCESSIVE
BAIL of $200,000, PETITIONER REQUEST that HE BE RELEASE
BECAUSE HE ALLEGiNg that He has been dEPRIVEd of his SiXth
AMENdMENT Right to A SPEEdy tRIAL, by State's FAILURE to
timely bRING him to tRIAL ON ALL ChARGES, HE AVERS that
HE HAS FILE MotioNS to dismiss the INdictMENT, ONE WAS
FILE NOV 3, 2004. AND PETITIONER FILE MotioN FoR BoNd REdUctioN
ON Oct 23 2004. PETITIONER ENCLOSE CoPyS, FoR the CoURtS.
No ANSWER OR RETURN WAS FiLEd by the STATE REfUting the
ALLEGAtioNS of the MotioNS, thus, FoR the PURPOSE of these
PLEEdING, the ALLEGAtioNS Must bE TAKEN As tRUE, ANd that
the STATE of ALABAMA hAS FAILEd to MAKE a good FAith
EffORt to bRING him to tRIAL HE ClAIMS WhILE iNCARCERATEd
At CoVington CouNty JAIL OR BEfORE HE BE CAME iNCARCERATEd
HELd WITH AN EXCESSIVE $200,000 BAIL. MotioN FoR FAST ANd SPEEdy tRIAL.
FILEd OCT 29, 2004. ENCLOSE CoPy.

The SiXth AMENdMENT Right to A SPEEdy tRIAL is ENfORCEAbLE
Ainst the STATES by VIRtUE of the fourteeNth AMENdMENT.
Smith V. HoOEy, 393 U.S. 374 89 S. Ct. 575, 21 L. Ed. 2d 607
(69). This CoNstitUtioNAL gUARANTEE hAS UNIVERSALLY bEEN thought
ESSENtiAL to PRotEct At LEAST thREE BASIC dEMANds of CRIMINAL
JUSTICE iN the ANgLo-AMERICAN LEGAL SysteM: (1) to PREVENT
dUE ANd OPPRESSIVE iNCARCERATION PRioR to tRIAL, (2) to MiNiMIZE
ANXIEty ANd CoNCERN AccoMPANyiNg PUbLIC AccUSAtioN ANd (3)

FILED IN OFFICE

MAR 0 3 2005

s Limit the Possibilities that Long delay will impair the Ability
^ AN ACCUSED to defend himself, These demands are both
aggravated And Compounded in the Case of an accused who
s imprisoned And that's grounds to be Release from "Custody",
etitioner Constitutional Right to a speedy trial is Violated may be
granted Relief by habeas Corpus where his Motion for dismissal
s denied And No other Remedy is Available, Blake V. State,
48 So. 2d 948 (Ala. Cr. App. 1984). Also see United States Code
ervice, Crimes And Criminal Procedure, 2421 - 3530 - Title (18),
J.S.C.S, Chapter - 208, speedy Trial Sections - 3161 (A-B-C-
-H), -3162-(A-2-B-4)- 3163 -(B-1-2-c-D)-3164 (A-B-C),
SANCTIONS) (VIOLATION) STATE HAS FAILED
O Comply- Crimes And Criminal Procedure Rules, that grounds
or Petitioner to be Release From "Custody" Also see the
ules of Evidence - Rule 403. grounds of Prejudice,
onfusion, And Waste of time. Theres Evidence excluded
y the State it Probative Value is substantially outwe-
-hed by the danger of unfair Prejudice Confusion of
ssues of the indictment And the Jury were mislead-
-g in setting an Excessive $200,000 bail, by Consideration
- undue delay, because of Sanctions Violation
here should Not be a trial, it a waste of time,
etitioner said if he don't get the Dismissal of the
Ndictment, he will go Higher to Next Court.

FILED IN OFFICE

MAR 0 3 2005

## "Relief Sought"

. Petitioner Has been out on the same bail A year 1/2. The State's Had A Constitutional duty to MAKE A diligent, good Faith Effort to bring him to trial For the charges, State's Failed to. Petitioner was lable As A Know drug Addicts in the year F 2002, that when He got this Charges. Petitioner did seek For Help Thank to the Jail, The Petitioner Found 7 Program New Life Center Christian Recovery Program 317 North main street Enterprise, AL 36330. At that time Hon; GRADY LANIER were Petitioner Attorny. The state how Prejudice by Refute or Allow Not to be Release. Petitioner inclose the Letter Page ④ Four Excessive $200,000 Jail, See Amend. 8 Note 476 Excessive Bail, Etc. Page 227, Alcoholics And Drug Addicts should Not be Permitted to go Through Withdrawal in County Jail without Proper medical Attention And care in A suitably equipped medical facility hereafter they should Not be incarcerate in main County Jail but Rather should be diverted to incarceration At County Rehabilitation Center or other Available sites under the guidance of Properly trained Personnel. The Denial Petitioner Rights to Rehabilitation Center, Prejudice the Petitioner. Alberti V. Sheriff of Harris County, Texas D.C. Tex. 1975, 406 F. Supp. 1649.

## "Relief Sought"

. At Heart of 18 U.S.C.S 3161 et seq. And A.B.A Standards

# "RELIEF SOUGHT"

FILED IN OFFICE
MAR 0 8 2005

s principle that Petitioner must be discharged if not brought o trial within specified number of days; such absolute ime pressure, leading to dismissal of indictment if schedule s violated, arguably suggest and may even require exception o schedule for certain variables not subject to strict control y trial court managers. Day V. United States (1978, Dis Col ppp) 390 A 2d 957. Congress has formalized concern over elay in disposition of criminal case by enactment of speedy rial act of 1974 (18 U.S.C.S 3161 et seq), and court has emonstrated its concern for minimizing undue delay in prompt isposition of criminal case by adopting plan to achieve this esired goal pursuant to Rule 50 (B); therefore motion of etitioner to dismiss indictment pursuant to Rule 48 (B) will e granted. United States V. Dowl (1975, DC Minn) 394 F upp 1250. Relief should be sought in this cases.

## REASONS WHY THE WRIT SHOULD ISSUE.

1. Petitioner has been in and out of jail since the year of 2002, each time he would be incarcerate 2 months or more them months add up over a ears or more.

3. Petitioner has suffer a lots of pain, and his osts, he just want to get on with his life his family and love ones miss him and need him

FILED IN OFFICE

MAR 0 3 2005

# "REASON WHY THE WRIT Should A ISSUE.

AND HIS SUPPORT, SINCE His iNCARCERATETION His FAMILY SuFFER HARDSHIP, MoStly Why the WRiT Should ISSUE PetitioNER has SuFFER PREJUDice by the StAte's, StAteS dEPRiVeD PetitioNER of his SiXth AMENdMENT Right to A SPEEDY tRiAL, by FAiLuRE to tiMELY bRiNg him to tRiAL, THE StAte's PRobAtiVe VALuE is SubStANtiALLY outweighed bY the dANgER oF uNFAiR PREJuDice iN Setting AN EXCESSiVE $200,000 bAil, So PetitioNER Could Not MAKE bAil to go to RehAbiLitAtion CENtER, State's ViolAte SANctions.

## (REASON WHY THE WRiT Should ISSue.)

1. THE States Should HAVE MADE A RuieiNG oN MotioN to diSMiss the INdictMENT oR RuLE oN motioN to Redue BoNd, THE States Should HAVE MADE A RuieiNG oN All MotioNS thAt PetitioNER FiLEd iN ThE CiRcuit CouRt.

## (REASON WHY THE WRit Should ISSue.)

2. THE PetitioNER WouLd LiKE to LEAVE the StAte of ALABAMA, ThAts WHY ThE WRit Should ISSuE So PetitioNER AND His FAMiLY CAN get oN with tHERE LiFEs, ThE INdictMENT Should bE diSMiss, So PetitioNER AND His FAMiLY CouId get oN with thERE LiFEs.

3. PetitioNER HAS did All His tiME FoR DRug PARAPHENALIA A MisdEMEN Time SERVE, "ThE WRit ShouLd ISSuE," BECAuse oF the FActS, ThAt The PetitioNER ShouLd bE RELEASE FROM His UNLAWFULLY INCARCERATEioN.

Respetfully Submitted This The 28 day of Feb. 05 ~~Surviced form~~

Wherefore, The Premises Considered, Petitioner Prays That He Court Grant the Petition And order that An Answer to the Petition be Filed by Respondents, At The Earliest Possible Time.

I certify that I have this the 28 day of Feb 005, Served copies of this Petition on The Respondent Judge And All other Parties to the Action in the Trial Court.

Sarpie Earl Jones  ,
Petitioner

FILED IN OFFICE

MAR 0 3 2005

# ABAMA UNIFORM ARREST REPORT

**COPY**

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |

| 1 ORI # | 2 AGENCY NAME | | 3 CASE # | 4 SFX |
|---|---|---|---|---|
| 0,2,3,0,2,0,0 | OPP POLICE DEPARTMEN | | 0,2,0,0,9,0,0,9,8 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| JONES, LARYIE E | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 | 14 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ M  ☒ F | ☐ W  ☒ B  ☐ A | 5' 06" | 180 | BRO | BLK | | | ☐ SCARS | ☐ MARKS | ☐ TATOOS | ☐ AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| GENEVA  GENEVA  AL | 4,1,6-8,8-7,4,7,3 | 0,4,2,5,6,0 | 042 | S416887473 |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| 24 FBI # | HENRY CLASS | | | | | | | 3961008 | AL |
| | NCIC CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |

| 26 ☐ RESIDENT  ☐ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 1005 BARNES ST  LOT 30 PO BOX 191 OPP, AL 36467 | | |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| SELF | OPP, AL 36467 | |

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? |
|---|---|---|
| BARNES ST  OPP, AL 36467 | S | ☐ IN STATE  ☐ OUT STATE AGENCY  ☐ YES  ☐ NO |

| 36 CONDITION OF ARRESTEE: | | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|---|
| ☐ DRUNK  ☐ SOBER | ☐ DRINKING  ☐ DRUGS | ☐ YES  ☐ NO | ☐ NONE  ☐ OFFICER  ☐ ARRESTEE | ☐ Y  ☐ N | ☐ HANDGUN  ☐ OTHER FIREARM  ☐ RIFLE  ☐ OTHER WEAPON  ☐ SHOTGUN |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0,9,1,7,0,2 | 23:13  ☐ 1. AM  ☐ 2. PM  ☐ MIL. | S M ☐ M ☐ T ☐ W ☐ T ☐ F ☐ S | ☐ ON VIEW  ☐ CALL  ☐ WARRANT | ☐ YES  ☐ NO  ☐ UNKNOWN |

| 46 CHARGE - 1  ☐ FEL  ☒ MISD | 47 UCR CODE | 48 CHARGE - 2  ☐ FEL  ☒ MISD | 49 UCR CODE |
|---|---|---|---|
| POSS OF DRUG PARAPHENALIA | 3550 | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED  M  D  Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED  M  D  Y |
|---|---|---|---|---|---|
| 013A-12-0260 | | | | | |

| 56 CHARGE - 3  ☐ FEL  ☐ MISD | 57 UCR CODE | 58 CHARGE - 4  ☐ FEL  ☐ MISD | 59 UCR CODE |
|---|---|---|---|

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED  M  D  Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED  M  D  Y |
|---|---|---|---|---|---|

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☐ HELD  ☐ TOT - LE  ☐ BAIL  ☐ OTHER  ☐ RELEASED | | |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP / BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED?  ☐ YES  ☐ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED

| 82 JUVENILE DISPOSITION: | | |
|---|---|---|
| ☐ HANDLED AND RELEASED  ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY  ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | ☐ CONTINUED IN NARRATIVE |

| 83 RELEASED TO |
|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE |
|---|---|---|---|

| 91 DATE AND TIME OF RELEASE  M  D  Y | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| ☐ 1. AM  ☐ 2. PM  ☐ MIL. | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE  ☐ YES  ☒ NO  ☐ PARTIAL | 99 PROPERTY NOT RELEASED / HELD AT: | 100 PROPERTY # |
|---|---|---|

**FILED IN OFFICE**

**MAR 0 3 2005**

101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)

*Hold - Sampson, Geneva, PD's DTF*

_CLERK_

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOCAL USE |
|---|---|---|
| | | STATE USE |

| 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX |
|---|---|---|---|---|---|

| 110 STING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| TNEY, BROCK | 00H22 | JOYNER, PHILLIP | 00H49 | ID # | ID # |

# INMATE DATA

**Covington County Sheriff**

Printed: Tue Sep 24, 2002

## LARYIE E JONES (S416887473)

**Booking Number** 200000317

**Booking Date** SEPTEMBER 24th, 2002

| Section | Block | Cell | Bed | Social Security Number | Alias | Est Release Date |
|---|---|---|---|---|---|---|
| D-BLOCK | | | | 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 | | |

**Address** APT # 8 HILLCREST APTS, OPP AL 36467

**Home Telephone**

| Sex | Date of Birth | Age | Height | Weight | Race | Eyes | Hair |
|---|---|---|---|---|---|---|---|
| M | 1960-04-25 | 42 | 5' 09" | 190 | BLACK | BROWN | BLACK |

| Drivers License | Class | Vehicle Tag | Tag Year |
|---|---|---|---|
| | | | |

**Next of Kin** LINDA AUSTIN
1005 BARNES ST LOT 38   OPP   AL  36467

**NOK Telephone** (334) 493-0560

**Charge(s)** PODP

**Bond** 500.

**Jailer** CJ005  HORATH, EUGENE

**Photo Taken By** CJ005  HORATH, EUGENE

**Fingerprinted By**

**Admission Type** ARREST

**Phone Call** Y

**NCIC Check** Y

**Arrest Case Number** 3

**DNA Sample By**

**Agency Arrested For** OPP

**Arresting Officer** 00138  ANDERSON, JR

**Agency Hold For** OPP/SAMSON/GENEVA/DTF

| Release Date | Release Time | Release Officer |
|---|---|---|
| | | |

**Notes**

SUBJECT ARRESTED FOR OPP PD

FILED IN OFFICE

MAR 0 3 2005

EXHIBIT "HERE"

FREE

**INMATE DATA**

## LARYIE E JONES (S416887473)

| Covington County Sheriff | | | | Booking Number 200000317 |
|---|---|---|---|---|
| Printed: Sun Dec 29,2002 | | | | Booking Date SEPTEMBER 24th, 2002 |

| Section D-BLOCK | Block | Cell 7 | Bed | Social Security Number 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 | Alias | Est Release Date |
|---|---|---|---|---|---|---|

| Address | APT # 8 HILLCREST APTS, OPP AL 36467 | Home Telephone |
|---|---|---|

| Sex M | Date of Birth 1960-04-25 | Age 42 | Height 5' 09" | Weight 190 | Race BLACK | Eyes BROWN | Hair BLACK |
|---|---|---|---|---|---|---|---|

| Drivers License | | Class | Vehicle Tag | Tag Year |
|---|---|---|---|---|

| Next of Kin | LINDA AUSTIN 1005 BARNES ST LOT 38    OPP   AL  36467 | NOK Telelphone (334) 493-0560 |
|---|---|---|

| Charge(s) | POCS,PODP 10,000. 3,000. | Bond |
|---|---|---|

| Jailer CJ005 HORATH, EUGENE | Photo Taken By CJ005 HORATH, EUGENE | Fingerprinted By |
|---|---|---|

| Admission Type ARREST | Phone Call Y | NCIC Check Y |
|---|---|---|

| Arrest Case Number BOX 99 | DNA Sample By |
|---|---|

| Agency Arrested For COV. COUNTY | Arresting Officer 02303 WEST, HOWARD |
|---|---|

| Agency Hold For OPP/SAMSON/GENEVA/DTF | |
|---|---|

| Release Date | Release Time | Release Officer |
|---|---|---|

Notes

SUBJECT ARRESTED ON 11-01-02 BY H. WEST FOR POCS.PODP
HOLD FOR GENEVA CO

FILED IN OFFICE

MAR 0 3 2005

EXZ # PAGE (4)

# New Life Center
## Christian Recovery Program
### 317 North Main Street
### Enterprise, Alabama 36330

September 14, 2004

Laryie Earl Jones
290 Hillcrest Dr.
Andalusia, Al 36420

Laryie Earl Jones:

We have received your letter and we are willing to accept you to our program if the courts will allow you to be released for you to come here to our facility. On the reverse side of this letter is a release of information for you to fill out and return to us. Make sure that you put your C.R.O.s name and phone number so we can contact them so that if a bed becomes available they can affect a release from Jail for you. If you have a probation officer or attorney who you feel can serve you better in this area, than put their name and contact information down as well. Once we receive this letter back with the reverse side completed we will be able to put your name on our waiting list and contact you in the order we receive these applications. If a bed should become available than we shall contact your C.R.O. or probation officer or attorney and let them know.

   Once contacted, clients are to report to the New Life Center for Pre Admission Program.

   By doing so the client will be guaranteed a slot in the next available class. These are the next three file dates so you can make your intake arrangements.

   If you don't hear from us before February, please contact us to reapply.

Fill Date _____    September 20, 2004

Fill Date _____    December 13, 2004

Fill Date _____    January 3,2005

This is a no fee, work/study program

In Christ's Service,

*Gene Warren*
Gene Warren, PhD
Director

E-mail: NLC@aol.com, Phone (334) 393-5641
Web Page: http://www.newlifenewbeginning.com

FILED IN OFFICE

MAR 0 3 2005

*Royd A Penew*
CLERK

# Motion To Dismiss The Indictment

Grand Jury No: 503-504-507-508

State of Alabama

V.

Laryie Earl Jones

Case No: CC-2603-418-

State of Alabama

In the Circuit Cour

of Covington Count

FILED IN OFFICE

MAR 0 8 2005

The defendant Laryie Earl Jones (Pro, se), Moves That the indictment be dismissed on the Following grounds;

1. The indictment does not state Facts sufficient to constitu
an offense.

2. The indictment is legally insufficient in that;
Defendant objections to the venire, the lack of legal
qualifications of an individual grand juror, the legal insufficie
of the indictment, And Failure of the indictment to char
an offense, on June 22, 2004, Count one, Count two
where defendant was charge in the indictment, The
charges is defect, And The Indictment should be
Dismiss And quash, And Appropriate Relief be grant, As
provided in this Rule, 13.5. The Facts on June 22,
2004, That Night defendant were unlawful search, Officer
did A pack down And his car were search. Nothing
were Found illegally on the defendant, or in his
possess. Therefore officers did not get nothing off
the defendant doing The search. on Count one And
two, It Admissibility of Evidence. Indictment

ON THE ADMINISTRATION OF THIS CHAPTER (18 USCS 3161) ET SEQ AND ON THE ADMINISTRATION OF JUSTICE. FAILURE OF THE DEFENDAN TO MOVE FOR DISMISSAL PRIOR TO TRIAL OR ENTRY OF A PLEA OF GUIL OR NOLO CONTENDERE SHALL CONSTITUTE A WAIVER OF THE RIG TO DISMISSAL UNDER THIS SECTION. DEFENDANT MOVE FOR DISMISSAL OF THE INDICTMENT BECAUSE DEFENDANT WAS NOT BROUGHT TO TRIAL WITHIN THE TIME LIMIT REQUIRED BY SECTI (3161)(C) (18 USCS 3161(C) AS EXTENDED BY SECTION (3161)(H, (18 USCS (3161)(H). DEFENDANT HAS DEMONSTRATION BASIS ON TO SHOW GOOD CAUSE WHY THE INDICTMENT SHOULD BE DISMISSAL. THIS SECTION IS REFERRED TO IN (18 USCS 3163. AND 3174

FILED IN OFFICE
MAR 0 3 2005

3. THE DEFENDANT COUNSEL AND THE ATTORNEY FOR THE GOVERNMENT. FAILURE TO ADDRESS THE COURT OF THE (3162. SANCTIONS )(A)(2)(1) -(B) (3) (2) (4) - (C), THE COURT SHALL FOLLOW PROCEDURES ESTABLISHED IN THE FEDERAL RULES OF CRIMINAL PROCEDURE IN PUNISHING ANY COUNSEL OR ATTORNEY FOR THE GOVERNMENT. PURSUANT TO THIS SECTION. ADDED JAN 3, 1975, P.L. 93-619, TITLE I 101, 88 STAT. 2079. THIS SECTION IS REFERRED TO IN (18 USCS 3163. AND 3174. BECAUSE OF THESE SANCTIONS, THE INDICTMENT SHOULD BE DISMISSAL WITHOUT PREJUDICE.

4. IN COUNT ONE AND COUNT TWO IN THE SAME INDICTMEN WHERE DEFENDANT WAS CHARGE JUNE 22, 2004. AND INDIC ON OCT 13 2004 FOR DRUG PARAPHERNALIA, AND BECAUSE OF RESIDUE A CONTROLLED SUBSTANCE, THE COURT ACT UNREASONABLY AND ARBITRARILY IN SETTING A EXCESSI

5. BECAUSE OF THE ORIGINAL INDICMENT SEPTEMBER 25, 20... TWO NEW CHARGES WHERE Added to the ORIGINAL INDICTMENT, THE INDICTMENT IS DEFECTED BECAUSE OF TWO NEW CHARGES Added, THE INDICTMENT Should be dismissed, BECAUSE OF TIME LIMITS And EXCLUSIO... DEFENDANT WENT to his 72 HOURS hereing ON Oct, 2004 And his ARRAIGNMENT is set for NOV 9, 20...

(3161) (C) THE ARRAIGNMENT OF A DEFENDANT CHARGED IN AN INF... MATION OR INDICTMENT With the COMMISSION OF AN OFFENSE SH... be held Within TEN DAYS FROM THE FILING DATE (AND MAKING PUBLI... of the INFORMATION OR INDICTMENT, OR FROM THE DATE A DEFENDANT H... BEEN ORDERED HELD to ANSWER And HAS APPEARED before A JUDICIAL OFFICER of THE COURT IN WHICH SUCH CHARGE is PENDING Whicheve... date LAST OCCURS. THEREAFTER, WHERE A PLEA OF NOT GUILTY is ENTERED, THE TRIAL OF THE DEFENDANT SHALL COMMENCE WITHIN SIXTY DAYS FROM ARRAIGNMENT ON THE INFORMATION OR INDICTM... At SUCH PLACE, WITHIN THE DISTRICT, As FIXED by THE APPROPRIAT... JUDICIAL OFFICER. BEFORE OTHER FACTORS NEED be CONSIDERED, WHERE LONG LENGTH OF DELAY is FOUND PRESUMPTIVELY PREJUDI... CIAL, AND WHEN PREJUDICE IS SHOWN, Dismissal is REQUIRED. UNITED STATE V. WENTLAND (1978, CAS Fla) 582 F2d 1022. THIS CHAPTER IS REFERRED to IN (18 USCS 3155

FILED IN OFFICE

MAR 0 3 2005

REPORT TO CONGRESS

WHEREFORE DEFENDANT HAS DEMONSTRATION BASIS ON TO Show GOOD CAUSE WHY THE INDICTMENT Should be dismissal DEFENDANT MOVES THIS HONORABLE COURT to dismiss THE INDICTMENT, TRANSITIONAL RULES did APPLY AND WERE VIOLATED THEY APPEAR to be MERELY DIRECTORY FOR PRESENT WITH SANCTIO... of dismissal. Motion t...

SUMPTION OF PREJUDICIAL DELAY, WHERE STATE OF ALABAM
FAILURE TO TRY WITHIN TIME LIMIT.


RESPECTFULL SUBMITTED THIS THE 3 DAY OF
NOV, 2004.

Larjie Earl Foster
DEFENDANT.

CERTIFICATE OF SERVICE
THIS IS TO CERTIFY THAT i HAVE THIS DAY SERVED
STATE OF ALABAMA FOR THE OPPOSING PARTY IN THE FOREGOIN
MATTER WITH A COPY OF THIS PLEADING by DEPOSITIN
A COPY OF IN THE SAME by MAILING THE SAME
TO D.A by FIRST CLASS UNITED STATES MAIL
PROPERLY ADDRESSED AND POSTED PREPAID OR B
PERSONAL SERVICE ON THIS THE 3 DAY OF NOV,
2004

Larjie Earl Foster
DEFENDANT.

FILED IN OFFICE

MAR 0 3 2005

Reggel A Pearce
CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

LARYIE EARL JONES,
          Defendant,

Vs.                                    CASE No. 2003-418-419-1

STATE OF ALABAMA,
          Plaintiff.

## Motion FOR BOND REDUCTION

COME NOW THE DEFENDANT, by AND through LARYIE EARL JONES PRO, SE, AND move this HONORABLE COURT FOR BOND, REDUCTION, AND AS grounds THEREFORE STATES the Following:

FILED IN OFFICE
MAR 0 3 2005
CLERK

1. DEFENDANT STATES, that CASES No. 2003-~~418~419~~-187, WHERES LACK OF SPEEDY TRIAL, THE ATTORNEY FOR THE GOVERNMENT FAILURE to TRIED Within TIME LIMITS, AND EXCLUSIONS. of this CHAPTER [18 USCS 3161. WHERES THE ATTORNEY FOR THE GOVERNMENT HAS NOT COMPLY With this RULES AND has NOT STATE THE REASON FOR FAILURE to COMMENCE tRIAL Within TIME LIMITATION THESES is the DATES that DEFENDANT HAS been ARRESTED FOR THE CHARGE With POSSESS DRUG PARAPHERNALIA, ~~9-24-~~ 2-21-03,-MAY-14-03, 9-28-03. DEFENDANT HAS PROVE SANCTION VIOLATED OF SPEEDY TRIAL ACT [18 USCS 3161-3162-3163. AND-3164. WHY is THE DEFENDAN BOND SET AT EXCESSIVE $200,000?

---

2. If THE Indictments WERE dismiss, CASE No. 2003-418-419-187, DEFENDANT bAiL WOULD BE $13.000 BECUSE of the CHARGE JUNE-22-04, THE INDICTME Is DEFECTED, BECAUSE of OLD Indictment 9-28-03.

3. RULES of ALABAMA SUPREME COURT. RULE 33(1).(3 (A)-(B) THE "COURT" is iN VIOLATION of 5 ACTIONS, UNITED STATES CODE SERVICE, CRIMES AND CRIMINAL PROCEDURE, 2421-3530, TITLE 18 U S C S.

4. RULE (33) APPLIES both to CiViL CONTEMPT PROCEEDING AND to CRIMINAL CONTEMPT PROCEEDINGS. THE PERSON being PUNISHE holds the Keys to the JAIL AND CAN gAIN RELEASE At ANY time by COMPLYING with theses ORDERS. SEE Shillitani V. UNITED States, 384 U.S. 364 (1966). RULE 33.(1)(A) PROVIDES that the PROCEDURES EstablisheD by this RULE (33) to goVERN CONTEMPT PROCEEDINGS APPLY ONLY to CiViL OR CRIMINAL CONTEMPT PROCEEDINGS ARising out of CRIMINAL CASES. N.A.A.C.P. V. ALABAMA, 357 U.S 449 (1958). SEE RULE 33(2) - RULE 33.5, RULE 33.2 (B).

5. RULE (7.4.) SECTION (C) AND (D) PROVIDE A MEANS by WHICH THE RESPONSIBLE OFFICIALS WILL bE APPRISED of the status of LONG-TERM holdovers.

FILED IN OFFICE
MAR 0 3 2005

WHEREFORE DEFENDANT PRAYS that this HONORABLE COURT ON THE SECOND DAY of DEC, 2004 THAT this HONORABLE COURT WOULD gRANT Him A BOND REDUCTION AS AND PROVIDE by this RULE 7.4.(C) AND (D) AND AS A HEARIN bE HELD AS PROVIDE by RULES of ALABAMA SUPREME COURT

of Time REQuiReD to dispose of PARticulAR TyPes
of CASE, IN RecoGNition of this FAct, some of THe
RecoMMENDED STANDARDS, THEREfoRE, MAY PROViDE gREA te
LENgths of time thAN the AVERAge AMouNt of time
gENERAily REQuiReD to dispose of P. PARticulAR TYPE c
CASE iN A PARticulAR CircUit. HoLweVER it is CERtAir
Not iNtENDED thAt thESE STANDARDS bE CoNstRUED to
sUggEst thAt moRE time shoulD bE tAIteN iN RefERENc
to sUch CASES. DEfENDANt REQUEst. thAt the INDictmer
bE Dismiss. MAYbERRY V. STAtE, 48. AlA, APP. 27e, 244 Soad 198(47

6. AmoNg the grAND JURORS Which REtURNED the INDictme
the following wERE Not QuAlifiED to s ERvE; HERE List
of the iNDiVidUAl grAND JUROR And disQUALificAtior
NoRMA P. DAY.

7. THE grAND JUROR Which REtURNED the INDictmENt
SEt DEfENDANt BAil FiXED At $ 200,000 FoR Two
ClASS (c) FEloNy, AND Two ClASS (A) misDEMEANor
All of which PREJUDicES the sUbstANtiAl
Rights of the DEfENDANt, AND court Act UNREASONAbly AND
ARbitRARily, bAil is "EXcEssivE."

FILED IN OFFICE
MAR 0 3 2005

10-23-04
DAtE

_Soapie _____
DEfENDANt PRO, SE.
SERViCE oN this thE 23 th

RULES 13.5 AND 15     DAY of oct, 2004. _____
I CERtify thAt A copy of the foREgoing plEADing hAs bee
sERVED upon the stAtE of AlAbAMA AND/oR D.A foR All PARtiEs to
this PROCEED by mAiling thesAmE to EAch by FiRst ClAss

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

STATE OF ALABAMA,
     PLAINTIFF,

     VS.                     Case No; 2003-418-419-187

LARYIE EARL JONES,
     DEFENDANT.

MOTION FOR FAST AND SPEEDY TRIAL

COMES NOW THE DEFENDANT, BY AND THROUGH LARYIE
EARL JONES, PRO, SE, AND REQUESTS THIS HONORABLE
COURT TO GRANT A PROMPT AND SPEEDY TRIAL IN
THIS MATTER, AND AS GROUNDS STATES THE FOLLOWING

1. THE CONSTITIONAL RIGHT TO A SPEEDY TRIAL IS DESIGNED
TO PROHIBIT ARBITRARY AND OPPRESSIVE DELAYS WHICH MIGHT
BE CAUSED BY THE FAULT OF THE PROSECUTION. THE RIGHT
TO A SPEEDY TRIAL ON THE MERITS IS NOT DESIGNED AS
A SWORD FOR THE DEFENDANTS ESCAPE, BUT AS A SHIELD
FOR HIS PROTECTION. TINER VS. STATE, 1AR SO. 2d 85976

2. BETWEEN ARREST ON AN INDICTMENT AND TRIAL THERE
ORDINARILY SHOULD NOT BE MORE THAN SIX TO NINE MONTHS.
MAYBERRY VS. STATE, 264 SO. 2d 198 (1971)

FILED IN OFFICE

MAR 0 3 2005

3. THE RIGHT OF A SPEEDY TRIAL IS NECESSARILY RELATIVE. IT IS
CONSISTENT WITH DELAYS AND DEPENDS UPON CIRCUMSTANCE
IT SECURES RIGHTS TO A DEFENDANT. IT DOES NOT PRECLUDE

The Right of Public Justice. The Constitutional Right to A Speedy Trial is designed to Prohibit Arbitrary And oppressi delays which might be caused by the fault of the Prosecution. Tiner Vs. State, 182 So.2d 859 (1966) Right to A speec Trial is a Relative Right which depends upon circumstances of Each case, it is designed to Prohibit Arbitrary And oppressive delays caused by Prosecution but does no operate to deprive the state of A Reasonable opportunit of Prosecuting Criminals. Braden V. State 256 So.2d 425 (1971)

4. Constitutional Requirement for speedy trial is to certain extent self executing, but it contemplates Legislative Enactment so as to provide Adequate machinery for Administration of Criminal Law. EX Parte State EX Rel Gen. 52 So.2d 158 (1951).

5. An unreasonable delay Arising from Negligence of the Prosecution without fault or consent by Appellant Violates the Constitutional guaranty of A Speedy Trial Foster V. State, 229 So.2d 913 (1969).

6. Delay of two years and nine months, between return of indictment and notice to defendant of indictment, without any reasons for such delay being shown by the state, violated Constitutional guaranty of speedy trial, and indictment should have been dismisse Foster V. State, 229 So.2d 913 (1969)

7. The Defendant Was indicted in the Above Referenced case in on September 28, 2002. On June 22, 2004 Was A

8. DEFENDANT TRIAL HAS BEEN SET ON NUMEROUS OCCASIONS AND CONTINUED THROUGH NO FAULT OF HIS OWN.

9. WHERES THE COURT ACT UNREASONABLY AND ARBITRARILY IN SETTING $200,000 BAIL IS EXCESSIVE.

10. THIS IS UNREASONABLE DELAY AND THE INDICTMENT IS THEREFORE DUE TO BE DISMISSED. PURSUAN TO USCS RULES OF CRIMINAL PROCEDURE RULE 48 (B). UNITED STATE V. DOWL (1975 DCMi 394 FSUp

RESPECTFULLY SUBMITTED THIS THE 29TH DAY OF OCT, 2004.

_Largie Earl Jones_,
DEFENDANT.

FILED IN OFFICE
MAR 0 3 2005

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE THIS DAY SERVED STATE OF ALABAMA FOR THE OPPOSING PARTY IN THE FOREGOING MATTER WITH A COPY OF THIS PLEADING BY DEPOSITING A COPY OF IN THE BY MAILING THE SAME TO D.A BY FIRST CLASS UNITED STATES MAIL PROPERLY ADDRESSED AND POSTED PREPAID OR BY PERSONAL SERVICE ON THIS THE 29TH DAY OF OCT, 2004.

_Largie Earl Jones_,
DEFENDANT.