**EXHIBIT D**

COURT OF CRIMINAL APPEALS STATE OF ALABAMA

EX PARTE LARYIE EARL JONES,
    Petitioner,

V.

STATE OF ALABAMA,
    Respondent.

Covington County Circuit Court
CC03-187,-418;,419.)

CASE No: CR-04-1130

FILED IN OFFICE
APR 0 5 2005
[signature] CLERK

## AN APPLICATION FOR REHEARING

Come Now LARYIE EARL JONES Pro. se, And Petition the Above Named Court For A Rehearing His Writ of Habea Corpus. Petition, And Shows the Following in supp of the Petition;

1. On or About 9-17-2002 Petitioner were Arrested And Charge with Poss. of drug PARAPHENALIA, And because of Residue were in PARAPHENALIA, He was Charge with Poss of Controlle Substance. Petitioner is being Held Without Bail Petitioner been At the Covington County Jail Since 6-22-2004. Without bail For the Cases CC2003-187-418-419. Petitioner were denial His Rights to A speedy Trial, He File Motion to dismiss the Indictment. He never got any Respond From Circuit Court, Excessive Bail Shall Not be Require, Nor Excessive Fine imposed, Nor Cruel And Unusual Punishm Inflicted,

[margin note: NSTITUTION THE UNITED STATES 1ENDMENT III 1791]

2. Petitioner has serve over 9 Months Without A Bail, to Limit the Possibilities that Long delay will impair the Ab of An Accused to defend Himself, These demands Are

Both Aggravated And Compounded in the Case of an Accuse who is imprisoned, Petitioner Constitutional Rights to A Speedy trial is Violated may granted Relief by Hab Corpus where his motion for dismiss is denied and no other Remedy is Available, It held to be A Cruel And Unusual Punishment And Void Under the Eighth Amendment. Held Without Bail

3. The State Has Failed to bring The Petitioner to trial within the Time Limit Under Speedy trial Act, The Attorney for the Government Has Violated And it wrongdoing for the Attorney for the Government to Hold the Petitioner in Custody Without Bail.

?eedy Act.

· 208   4. The State Has Violated Criminal Procedure Pt. 2 (18) (316). Persons detained, (C), Failure to commence trial of a detainee as specified in subsection (B), through no fault of the accused or his counsel, or Failure to Commence trial of a designated Releasee as specified in subsection (B), through no fault of the Attorney for the Government, Shall Result in the Automatic Review by the Court of the Conditions of Release. No detainee, As defined in subsection (A), Shall be Held in Custody Pending trial After the Expiration of such Ninety-day Period Required for the Commencement of his trial, A designated Release, As defined in subsection (A), Who is found by the Court to have intentionally delay the trial of his case shall be subject to an order of the Court modifying his nonfinancial Conditions of Release

required, proper sanction for a violation of the 90-day interim speedy trial rule would be a release from custody rather than a dismissal of the indictment. U.S. v. Gaines, C.A. Cal. 1977, 563 F.2d 1352.

5. Release of Petitioner from custody, and nothing less, is sanction for delay beyond 90-day period specified by interim limits contained in this section; nothing more than release of Petitioner from custody is required under interim limits of this section. U.S. v. Krohn, C.A. Ill. 1977. 56 F.2d 293, 98 S. Ct. 275, 434 U.S. 895. 54 L. Ed. 2d 182.

6. Release of Petitioner from custody, and nothing less is the sanction under this section for delay beyond 90 days of arrest in bringing the Petitioner to trial. U.S. v. Tir-Asso, C.A. Ariz. 1976. 532 F.2d 1298.

7. Excludable time periods enumerated in section 3161 of this title apply to this section requiring that during interim period from July 1, 1975 to June 30, 1979, trial of pretrial detainee commence no later than 90 days following beginning of each continuous detention. Petitioner seeks, "Life", "Liberty" and "Property".

8. Excludable periods under section (3161) of this title providing that any periods of delay resulting from fact that Petitioner is physically unable to stand trial should be excluded from time within which

Modify Limits of this section Requiring Release Pending trial of a Petitioner who in custody and is not tried within 90 days of his arrest. U.S. v. Howard, D.C. md 1977. 440 F. Supp. 1106.

9. PROCEDURAL DUE PROCESS - 13.9 - page 557, -13.9(A) Loss of Physical Liberty - Overview of Restrictions on the Criminal Process. Before an Petitioner is subjected to punishment upon a criminal charge, he must receive a full trial in conformity with many constitutional safeguards or waive those rights. The primary restriction on the criminal process are the result of the application of the principles of the Bill of Rights. The guarantees of the Fourth, Fifth, Sixth, and Eighth Amendments restrict the ways in which the government may investigate as well as prosecute someone for a criminal charge. All of these safeguards apply to the criminal process of state and local governments except for the grand jury requirement of the Fifth Amendment. These specific guarantees include almost all of the procedural safeguards that were mentioned in our general discussion. Specifically, the Amendments require: (1) Respect for Petitioner Rights to Privacy and Freedom from Self-Incrimination in the investigative process; (2) that the Petitioner not twice be placed in jeopardy for the same offense; (3) prompt processing of the charges; (4) that the charges of trial be public; (5)

JURY; (6) Fair Notice of the Charges and a chance to prepare a defense; (7) The Right to Confront and Cross-Examine witnesses; (8) Compulsory Process to obtain Favorable witnesses and Evidence; (9) The Assistance of Counsel; (10) that Excessive bail not be used to keep the Petitioner in Custody prior to the termination of the Prosecution; (11) that the Punishment not be Excessive or Cruel.

10. Additionally, Due Process Requires that All Procedures be fundamentally fair. The Process must Always Conform to the twin guarantees of an impartial determination of guilt or innocence and Respect for the dignity of the Petitioner. Perhaps the most important safeguard which is implied by the due Process Clause in Criminal trials is the Requirement that No one be found guilty of a Criminal offense unless the Charges has been Proven by the government beyond a Reasonable doubt.

Wherefore Petitioner is being Placed twice in Jeopardy for the case. CC03-187, He got that Charge 9-17-2002 He is being subjected to Punishment without a Full trial because He is being held without bail for over 9 months. The guarantees of the Fourth, Fifth, Sixth, and Eighth Amendments, The Petitioner has been Denied them Rights Petitioner Request that this Honorable Court grant his

I declare under penalty of perjury that the above information is true and correct. MAR-30-05 [signature]

Date - Petitioner

## Certificate of Service

I certif that a copy of the foregoing pleading Petition has been served on each of the parties name as Respondents/or for all parties to this procee by mailing the same to each by first class Unite States Mail properly addressed and posted prepaid or by personal service on this the 30 day of MAR 2005.

[signature]
Petitioner.

Respondents' Address:

Hon. M Ashley McKathan, Circuit Judge; Covington County Court House Andalusia, AL 36420.

Hon Roger A. Powell, Circuit Clerk; Covington County Court Hou Andalusia, AL 36420.

Lora Price, Court Reporter; Covington County Court House Andalusia, AL 36420

Sydney Albert Smith; Attorney - P.O. Drawer 389, Elba AL 36323.

Hon Eugenia L. Loggins District Attorney; Covington Count Courthouse, Andalusia, AL 36420

Hon Troy King Attorney General 11 South Union Street Montgomery, AL 36130-0152.

LARXIE EARL JONES
COVINGTON COUNTY JAIL
290 HILLCREST DR
ANDALUSIA, AL 36420

HAND MAIL

CIRCUIT CLERK OF
COVINGTON COUNTY COURT HOUSE
ANDALUSIA, AL
36420

HAND MAIL

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-1130

Ex parte Laryie Earl Jones   (In re: State of Alabama vs. Laryie Earl Jones)   (Covington Circuit Court: CC03-187, 03-418, 03-419)

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 25th day of March, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. M. Ashley McKathan, Circuit Judge
Hon. Roger A. Powell, Circuit Clerk
Lora Price, Court Reporter
Sydney Albert Smith, Attorney
Laryie Earl Jones, Pro Se
Hon. Troy King, Attorney General
Hon. Eugenia L. Loggins, District Attorney

78669 Prude

# IN THE SUPREME COURT OF ALABAMA



July 8, 2005

**1041040**

Ex parte Laryie Earl Jones. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: State of Alabama vs. Laryie Earl Jones) (Covington Circuit Court: CC03-187, 03-418, 03-419; Criminal Appeals: CR-04-1130).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.
COST TAXED TO PETITIONER.
    BOLIN, J. - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 8th day of July, 2005

Clerk, Supreme Court of Alabama

/bb