
EXHIBIT
E

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

EX PARTE LARXIE EARL JONES,
    Defendant,

V.                                          CASE No. CC-2003-187-418-419

STATE OF ALABAMA,
    Plaintiff.

FILED IN OFFICE
MAY 02 2005
CLERK

Motion To Dismiss The Indictment

Come Now The Defendant, by and through LARXIE EARL JONES, pro and move this Honorable Court for a Dismissal of the Indictment, and as grounds therefore states the following:

The indictment is legally insufficient in that CASE CC-2003-187, Defendant file a motion to for production by the State on 9-10-04, State fail to produce evidence of a controlled substance, which there over 32 months delay, the Defendant was arrested on September 17, 2002 in CASE CC-2003-187. He was indicted on September 28, 2003 in the CASE CC-2003-187. Defendant is Required to establish that there is actually prejudiced by delay, that delay is unnecessary and, further that there is ulterior motive on part of prosecution to interfere with defendant's trial, beyond period applicable statute of limitations defendant claim and prove actual prejudice resulting from the preaccusation delay, due process claims of denial of fair trial because of

2

FILED IN OFFICE
MAY 0 2 2005

delay were speculative and premature, delay substantially prejudiced defendant's right to fair trial, which there is no controlled substance that the state can produce in case CC-2003-187 defendant move for dismissal of the indictment, because where defendant conduct is not a "serious" crime, prosecutor's applicability of sanctions in the case CC-2003-187 for noncompliance with time limits of exclusions criminal procedure, Pt. 2 Chapter 208 - speedy trial Act sec. 3161 (A)(B)-C-D-E&H Title 18, over 32 months delay, defendant move for dismissal of the indictment

2.) The indictment is legally insufficient in case CC-2003-18, defendant file a request a production by the state in 9-10-04, the state prosecutor's denied the request to produce an evidence of a controlled substance in case CC-2003-418, defendant was arrested May 14, 2003, over 23 months delay, defendant is required to establish actually prejudiced by unnecessary delay. there is ulterior motive on part of prosecution to interfere with the defendant trial, beyond period of applicable statute of limitations defendant claim and prove actual prejudice resulting from the preaccusation delay their due process claims of denial of sixth amendment a right to a speedy trial. Defendant suffer prejudiced where months of includable time accumulated before commencement of trial for controlled substance and government's failure to dispose of motions within 30 days of excludable time allowed by section 3161 (H)(1)-(J) of this title was either plain ignorance

3/

FILED IN OFFICE
MAY 0 2 2005

or simply negligence, judgment conviction should be vacate because lack of an controlled substance in CASE CC-2003-418, Defendant move for a dismissal of the Indictment because of the facts Denial of speedy Trial 23 months of delay caused prejudiced the Defendant. Where defendant conduct was not "serious" crime prosecutors' negligence is sole cause of failure to comply with time requirements of this chapter, dismissal sanction is intended to apply to violation of any of three separate time limits contained in this chapter, regardless of whether other limits were ultimately satisfied and administration of justice would be served by dismissing prosecution with prejudice.

3) The indictment is legally insufficient in CASE CC 2003-419, Defendant file a request a production by the state in 9-10-04, The state prosecutors' denied the request to produce an evidence of a controlled substance in CASE CC 2003-419, Defendant was arrested on June 2003 he was indicted on September 29 2003 22 months unnecessary delay to establish actully prejudiced the defendant is ulterior motive on part of prosecution to interfere with defendant trial, beyon period of applicable statute of limitations defendant claims and prove actual prejuice resulting from the preaccusation delay their due process claims of denial of sixth amendment right to a speedy trial, defendan suffer prejuice from the delays

4

FILED IN OFFICE
MAY 0 2 2005

. Delays between end of fraudulent scheme charges in 2-2003-187-418-419, in the indictments and date that defendant were indicted did extended beyond period of applicable statute of limitations and defendant have claim actual prejudice resulting from the preaccuation delay, their due process claims of denial fair trial because of prosecutorial delay were speculative and premature. Preindictment delay will serve as ground for dismissal only when government failed to obtain indictment before statute of limitations expired or delay substantially prejudiced defendant's right to fair trial, and he be held without <u>bail is intentionally incurred to gain some tactical advantage.</u>

5) U.S.C.A. Const Amend Six, Right to a speedy trial This chapter with its strict time limits and mandatory sanction for violations infringers on the constitutionally auto Nomous power of the judiciary to a degree that cannot be squared with the doctrine of separation of power; this chapter Not only attempt to determine the actual substantive out come of individual criminal case whose disposition has been committed to judicial process but portions of this chapter Also transgress the constitutional separation of power in that they constitute an unwarranted intrusion into Administration of the judicial system, This chapter was intened by Congress to give effect to Right to speedy trial.

5/

FILED IN OFFICE
MAY 02 2005

b. This Title Requiring Release pending trial of defendant who is in custody and is not tried within 90 days of his arrest, Release is Required only if failure to commence trial was through no fault of defendant or his counsel and hence is not compelled if delay is occasioned by defendant counsel.

"Factors considered in determining violation of Right"

C). Factors which should be considered in determining whether right to a speedy trial has been violated are length of delay, reason for delay whether and when defendant had asserted his Right, prejudice resulting to defendant from delay, meaningfulness of remedy seriousness of crime, and foreseeable impact of a decision to dismiss on society generally and administration of justice, the defendant, has seved over 10 months without bail.
 Title (18) ( U.S.C.A. Const Amend six )"

d) District plans for governing disposition of trials, see section, 3165 and 3166 of this title.

e. Effective date of time limitations of this section, see section 3163 of this title.

f. Exclusion of periods of delay enumerated in this section v time for trial of person detained or designated as being of High Risk, see section 3164 of this title.

g. Judicial Emergencies, see section 3174 of this title.

h. Premerger preliminary injunction proceeding; precedence v calendar, subject to this section, see section 18a of title 15 Commerce and Trade.

6/

FILED IN OFFICE
MAY 02 2005

3) Sanction for failure to bring defendant to trial Ray A. R. within time limits of this section, see section 3162 of this title.

4) Sanction for failure to file indictment or information within time limits of this section, see 3162 of this title.

5) Reports to congress detailing plans submitted for disposition of trials, see section 3167 of this title.

6) Federal Practice and Procedure - Dismissal for unnecessary delay, see Wright; Criminal 2d 14.

7) Section 3001 to end cover the procedural aspects which promote and safeguard the fairness of criminal prosecutions in the federal courts. Since the last revision of these volumes, Congress initiated comprehensive reforms of these volumes and improvements to the federal criminal justice system. For example, the Speedy Trial Act of 1974, Pub. L. 93-619 and its amendments increased the efficiency in the processing of case commensurate with due process.

8) Defendant charge with a controlled substance He is waiteing for trial to be convicted, how can he be convicted for something not there, there is no controlled substance there is no possession of controlled substance. 54.14 Drug Abuse Prevention and Control. The Government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed possessed with intent

FILED IN OFFICE
MAY 02 2005

to distribute by defendant, Seventh Circuit, In United States v. Jeffer, 524 F.2d 253, 253 (7th Cir. 1975), the Court found that, the measurable amount standard contained in this instruction provides a bright-line objective test for narcotics case.

Ninth Circuit

9) The government is not required to prove that the amount or quantity of a controlled substance was as charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable amount of controlled substance. United States v. Eddy, 549 F.2d 108, 111 9th Cir 986.

Wherefore Defendant has been jail for over 10 months He prays that this Honorable Court as a matter of law to Grant his motion and dismiss the indictments and order that an answer to the motion be file by the Court at the earliest time possible.

Respetfully submitted this the 28 day of April 2005.

Sampie Earl Jones

I declare under penalty of perjury that the above motion is true and correct. 4-28-05  Sampie Jones
                                                                Date

I certify that I have this the 28 day of April 2005 Served copy of this pleading and all other parties to the action in the trial court.

Sampie Earl Jones
Defendant