CERTIFICATE OF SERVICE
("APPELLANT'S BRIEFS")
TO THE COURT OF CRIMINAL APPEALS

EX PARTE LARYIE EARL JONES, : THE CLERK OF CRIMINAL
　　　　APPELLANT, : APPEALS OF ALABAMA
V. : CASE No: CC-2004-347
STATE OF ALABAMA, :
　　　　APPELLEE. : CLERK'S CERTIFICATE
　　　　　　　　　　　　　OF COMPLETIC

EXHIBIT F

DATE

"WRIT OF HABEAS CORPUS PETITION"
"TO THE COURT OF CRIMINAL APPEALS"
"OF ALABAMA"
"STATEMENT OF CASE"

FILED IN OFFICE
MAY 19 2005

ON JUNE 22, 2004 APPELLANT WERE ARRE without PROBABLE CAUSE WERE STOPED BY DEPUTY CHRIS BYRD AND WERE ILLEGAL SEARCH, MR BYRD DID NOT FOUND ANYTHING ILLEGAL ON THE APPELLANT, HE ASK THE PASSENGER TO STEP OUT OF THE CAR, SO SHE DID THEN AGENT DEAN CONDUCTED AN ILLEGAL SEARCH, WHEN THEY SHOULD HAVE CALL AN LADY OFFICER TO DO A SEARCH, THEY SAID THEY FOUND A SMOKING DEVICE IN THE PASSENGER PURSE, AND HER MIRANDA RIGHTS WAS READ TO HER. THE APPELLANT WERE CHARGE ON JULY 14 2004, APPELLANT CLAIM HE NEVER HAD AN 72 HOUR HEARING HIS MIRANDA WERE NEVER READ to HIM ONLY

His bail is set at excessive $200,000 for possession of drug paraphernalia and because of residue he was charge possession of a controlled substance, which nothing were found illegal on him. Appellant Four Fifth, Sixth, and Eight, and Fourteenth Amenments of the Constitutional of the United States has been violated, the Appellant has been held at the Covington County Jail over 10 months.

## Briefs

1. Amend(4) Constitution, Searches and Seizure Page-12, Note(9)
   Right of Privacy of this Amendment is enforceable against States through due process clause of Amend.14. Berger V. State of N.Y. 1967, 87 S. Ct. 1873. This Amendment's prohibition against unreasonable searches and seizures is enforceable against the State through Amend.14. Camara V. Municipal Court of City and County of San Francisco Cal, 1967 87. S. Ct. 1727, 387 U.S. 523, 18 L.Ed 930. The Right to Privacy under this Amendment is guaranteed against State invasion by Amenc 14. And must be enforceable by same exclusionary rule found in the Federal Court. U.S. ex Rel DeForte V. Mancusi,

'MEND-4  Note 14   "BRIEF"
PAGE 15             "PURPOSE"

2. This Amendments prohibition is not limited to cases involving arrests; its purpose was and is to guarantee that no person will be deprive of his freedom without due process of law. In Re Barnard, 1971, 455 F.2d 1370 147 U.S. App. D.C. 302.

Note 21 "Stop and Detentions"

PAGE 19  Whether the forcible entry into apartment by Police
3. officer who had probable cause for arrest of accused therein without warrant was itself illegal was controlled by state law in prosecution for violation of federal narcotic laws. U.S. v. Harris C.A. Mich. 1968 391 F.2d 384.

PAGE 26   Note 45 "Searches and Seizurs Prohibited"
4. Search proscribed by this Amendment is (1) an unreasonable search. (2) by a state or federal officer. U.S. v. Blanton, C.A. La. 1973, 479 F.2d. 327. The guaranty of right of people to be secure against unreasonable searches and seizurs does not forbid all searches and seizurs but only those that are unlawfull because not based upon probale cause. Flores v. U.S. C.A. Tex. 1956, 234 F.2d 604. Police cannot engage in a general exploratory search, even with a warrant. U.S. v. Russo D.C. Pa. 1966. 250 F. Supp. 55

7. Proper sanction for a violation of the 90-da interim speedy trial rule would be a release from custody rather than a dismiss of the indictment. U.S. V. Gaines. C.A. Cal. 1977 563 F.2d 1352

8. Congress intended that the traditional exclusion from time within which a trial must commence apply to interim limits of this section relating to defendant's right to release after 90-days continuous incarceration without a trial. U.S. Medias. D.C. N.Y. 1976 417. F. Supp. 585. Grounds for review by Federal Courts.

I certify that I have this date served a copy of the foregoing brief and argument on each of counsel of record for appellee(s)

( ) I do not desire oral argument.
(X) I have demanded oral argument and have so indicated on the cover of my brief.

Dated this 12 day of May 2005.

_Sargie Earl Jones_

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-1479

Ex parte Laryie Earl Jones   (In re: State of Alabama v. Laryie Earl Jones)   (Covington Circuit Court: CC04-347)

## ORDER

Upon consideration of the above referenced Petition for Habeas Corpus Petition, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.

Done this the 28th day of June, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Roger A. Powell, Circuit Clerk
Riley Powell, Attorney
Hon. M. Ashley McKathan, Circuit Judge
Hon. Troy King, Attorney General
Hon. Eugenia L. Loggins, District Attorney

FILED IN OFFICE

JUN 2 9 2005

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-1479

Ex parte Laryie Earl Jones   (In re: State of Alabama v. Laryie Earl Jones)   (Covington Circuit Court: CC04-347)

## ORDER

Upon consideration of the above referenced Petition for Habeas Corpus Petition, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED.

Done this the 28th day of June, 2005.

_____
H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Roger A. Powell, Circuit Clerk
   Riley Powell, Attorney
   Hon. M. Ashley McKathan, Circuit Judge
   Hon. Troy King, Attorney General
   Hon. Eugenia L. Loggins, District Attorney

FILED IN OFFICE

JUL 0 1 2005

_Roger A Powell_
CLERK