*To the Circuit Court*

EXHIBIT G

CC 04-347

# Motion To Dismiss The Indictment

Grand Jury No: 503-504-507-558-59-

State of Alabama                              Case No CC-2003-418; 510/419/187

FILED IN OFFICE OCT 27 2004

V.                                                    State of Alabama

Laryie Earl Jones                          In the Circuit Court
                                                     of Covington County

The defendant Laryie Earl Jones (pro, se), moves that the indictment be dismissed on the following grounds;

1. The indictment does not state facts sufficient to constitute an offense.

2. The indictment is legally insufficient in that; Defendant objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, and failure of the indictment to charge an offense, on June 22, 2004, count one, count two, where defendant was charge in the indictment, the charges is defect, and the indictment should be dismiss and quash, and appropriate relief be grant, as provided in this Rule, 13.5. The facts on June 22, 2004, that night defendant were unlawful search, officers did a pack down and his car were search. Nothing were found illegally on the defendant, or in his possess. Therefore officers did not get nothing off the defendant doing the search. On count one and two, it admissibility of evidence, indictment should be dismiss, under Rule 15, Rule 13.5(c)(3) provides

a requirement that the defect be prejudicial to the defendant before it will be fatal to a conviction.

3. This Code section reflects the common law view that an indictment cannot be amended even as to immaterial matter, without the consent of the defendant, and it has been consistently held to permit amendment without such consent is reversible error. FEARN v. City of Huntsville, (Ms. 8 Div. 450, March 16, 1990) - So. 2d - (Ala. Crim. App. 1990).

4. Count one, count two is a new offenses in the original indictment, count three, and count four, defendant was indictment on September 28, 2003, indictment should be dismiss, whereas, the Chief Justice of the Supreme Court of Alabama appointed committees of circuit court judges and district court judges to study and recommend time standards or goals for the processing of cases in Alabama's trial courts.

FILED IN OFFICE
OCT 27 2004

5. Standards Relating to Delay Reduction;

III. Criminal. Circuit Felony, Ninety percent of all circuit felony cases should be adjudicated or otherwise concluded within 9 months from the date of arrest and 100% within 12 months. In some instances, there are reasons beyond the court's control which contribute to the wide disparity from circuit to circuit in the average amount

of time required to dispose of particular types of case, In Recognition of this fact, some of the Recommended standards, therefore, may provide greater lengths of time than the average amount of time generally Required to dispose of a particular type of case in a particular circuit. However it is certainly not intended that these standards be construed to suggest that more time should be taken in Reference to such cases. Defendant Request. that the Indictment be Dismiss. MAYBERRY V. State, 48. Ala. App. 276, 264 So.2d 198 (1971).

6. Among the grand Jurors which Returned the Indictment the following were Not qualified to serve; Here List of the individual grand Juror And disqualification, NORMA P. DAY.

7. The grand Juror which Returned the Indictment set defendant Bail fixed at $200,000 for Two Class (C) Felony, And Two Class (A) misdemeanor All of which Prejudices the substantial Rights of the Defendant, And Court Act unreasonably And Arbitrarily, bail is "Excessive".

10-23-04
Date

FILED IN OFFICE
OCT 27 2004

Sophie Earl Jones
Defendant Pro, se.
Service on this the 23rd day of Oct, 2004. Sophie Jones

Rules 13.5 Reg'd And Proper

I Certify that A copy of the foregoing pleading has been served upon the State of Alabama And/or D.A For All Parties to this preceed by mailing the same to Each by First class United States mail properly Addressed posted Prepaid.

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-2480

Laryie Earl Jones v. State of Alabama (Appeal from Covington Circuit Court: CC03-187, CC03-418, CC03-419; CC04-347)

## ORDER

Upon consideration of the above referenced appeal, the Court of Criminal Appeals orders that said appeal be and the same is hereby DISMISSED as a non-appealable order. Having this date dismissed said appeal, the Court further orders that the certificate of judgment shall issue forthwith.

Done this the 15th day of September, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. M. Ashley McKathan, Circuit Judge
Hon. Roger A. Powell, Circuit Clerk
Lora Price, Court Reporter
A. Riley Powell, IV, Attorney
Office of Attorney General

# THE STATE OF ALABAMA -- JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-2480**

Laryie Earl Jones v. State of Alabama  (Appeal from Covington Circuit Court: CC03-187, CC03-418, CC03-419; CC04-347)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

### Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 15th day of September, 2005.

Clerk
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. M. Ashley McKathan, Circuit Judge
   Hon. Roger A. Powell, Circuit Clerk
   A. Riley Powell, IV, Attorney
   Office of Attorney General

p5455

# Alabama Court of Criminal Appeals Docket Sheet

**CR-04-2480**  APP : Motion for Change of Venue or to Dismiss Indictmen  **CR-04-2480**

Laryie Earl Jones v. State of Alabama  (Appeal from Covington Circuit Court: CC03-187, CC03-418, CC03-419; CC04-347)

**Date Order Entered**
08/25/2005

**Ruling**
Denied

## Indigent

**Notice of Appeal : 09/08/2005**              Docketed 09/13/2005  DI
                                               Last Updated  / /     DI

**Post Judgment Motions**

**Attorneys & Officials**

| | | |
|---|---|---|
| Circuit Judge | M. Ashley McKathan | Andalusia, AL (334) 428-2585 |
| Circuit Clerk | Roger A. Powell | Andalusia, AL (334) 428-2520 |
| Ct. Reporter | Lora Price | Andalusia, AL (334) 428-2505 |
| Atty. for Aplt. | A. Riley Powell, IV | Andalusia, AL (334) 222-4103 |

**Case Actions / Postings**

| | |
|---|---|
| 09/13/2005 | FILING NOTICE SENT TO COURT REPORTER. |
| 09/13/2005 | Informational Notice to Appellant/Docket Sheet to Appellee. |

*END OF DOCKETING INFORMATION*

Case Number: CR-04-2480                    Date: 09/13/2005   Time: 17:06:16   Page   1

REV. 4/1/97

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS BY THE TRIAL COURT CLERK

Laryie Earl Jones
**APPELLANT'S NAME**
(as it appears on the indictment)

v.  [XXX] STATE OF ALABAMA
[ ] CITY OF _____
**APPELLEE**

[XXX] CIRCUIT  [ ] DISTRICT  [ ] JUVENILE COURT OF ___Covington___ COUNTY

CIRCUIT/DISTRICT/JUVENILE JUDGE: M Ashley McKathan, Circuit Judge

| | |
|---|---|
| DATE OF NOTICE OF APPEAL: September 8, 2005 | |

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
- Granted Indigency Status at Trial Court: [X] Yes [ ] No
- Appointed Trial Counsel Permitted to Withdraw on Appeal: [ ] Yes [X] No
- Indigent Status Revoked on Appeal: [ ] Yes [X] No

**DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed? [ ] Yes [X] No

**TYPE OF APPEAL:** (Please check the appropriate block.)
- [ ] State Conviction
- [ ] Rule 32 Petition
- [ ] Probation Revocation
- [ ] Mandamus Petition
- [X] Pretrial Appeal by State
- [ ] Contempt Adjudication
- [ ] Municipal Conviction
- [ ] Writ of Certiorari
- [ ] Juvenile Transfer Order
- [ ] Juvenile Delinquency
- [ ] Habeas Corpus Petition
- [ ] Other (specify) _____

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: CC-03-187, 418, 419, & CC-04-347

DATE ORDER WAS ENTERED: _____    PETITION: [ ] Dismissed  [ ] Denied  [ ] Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION: _____    DATE OF SENTENCE: _____

**YOUTHFUL OFFENDER STATUS:**
Requested: [ ] Yes [ ] No     Granted: [ ] Yes [ ] No

LIST EACH CONVICTION BELOW: (attach additional page if necessary)
1. Trial Court Case No. _____ CONVICTION: _____
   Sentence: _____
2. Trial Court Case No. _____ CONVICTION: _____
   Sentence: _____
3. Trial Court Case No. _____ CONVICTION: _____
   Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To (Date) |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other _____ | | | |

COURT REPORTER(S): Lora Price
ADDRESS: Covington County Courthouse, Andalusia, AL 36420
APPELLATE COUNSEL: A Riley Powell IV
ADDRESS: P O Box 969, Andalusia, AL 36420
APPELLANT: (IF PRO SE) AIS# _____ (deft filed appeal)
ADDRESS: Covington County Jail, 290 Hillcrest Jail, Andalusia, AL 36420
APPELLEE (IF CITY APPEAL): _____
ADDRESS: _____

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this 8th day of September, 2005.

*Roger A. Powell*
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

LARYIE EARL JONES,
   APPELLANT,
  V.
STATE OF ALABAMA,
   APPELLEE.

CASE No: CC-2003-187-418-419
       CC-2004-347

NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEAL OF ALABAMA

COME NOW THE APPELLANT LARYIE EARL JONES, PRO, SE, MOVES THE COURT TO APPEAL HIS MOTION FOR CHANGE OF PLACE OF TRIAL OR DISMISS THE INDICTMENT. THIS COURT DENIED MOTION AUG-25-05, APPELLANT REQUEST THAT HIS MOTION BE APPEAL TO THE COURT OF CRIMINAL APPEAL AT THE EARLIEST POSSIBLE TIME.

RESPECTFULLY SUBMITTED THIS THE 31 DAY OF AUG, 2005

                        Laryie Earl Jones
                        SIGNATURE OF APPELLANT

EXHIBIT

FILED IN OFFICE
SEP 0 8 2005
CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

EX PARTE LARYIE EARL JONES,             .
         Petitioner,              .
    V.                                      .    CASE No. CC 2003-418-419-15
STATE OF ALABAMA,                       .
         Defendant,
         Respondanted.

"FOR WRIT OF HABEAS CORPUS"

Come Now LARYIE EARL JONES, Pro.se, And Petitions the Above-Named Court For A Writ of Habeas Corpus to Premise Considered of Action Should be Takeing, of Covington County Circuit Court And Shows the following in Support of this Petition.

1. On or About SEP. 17, 2002, Petitioner were Arrested And Char With Poss of drug Paraphenalia, See Attch Sheets, ALABAMA Uni Arrest Report Page "①" one, Also See Pages ② Two ③ three, On All Three Charges. The Paraphenalias were sent to Department of Forensic Sciences, to be tested For Residue All three came Back Postive. Petitioner were charge three Counts Poss. Controlled Substance An Class (C) Felonys And three Class (A) Misdemeanor.

# "FACTS"

2. The unsentence Petitioner is being held in the Covington County Jail, since June 22, 2004, with an excessive bail of $200,000, Petitioner request that he be released because he alleging that he has been deprived of his Sixth Amendment right to a speedy trial, by state's failure to timely bring him to trial on all charges, he avers that he has file motions to dismiss the indictment, on file Nov 3, 2004. And Petitioner file motion for bond reduction Oct 23 2004. Petitioner enclose copys, for the Courts no answer or return was filed by the state refuting the allegations of the motions, thus, for the purpose of these proceeding, the allegations must be taken as true, and that the state of Alabama has failed to make a good faith effort to bring him to trial he claims while in carcer at Covington County Jail or before he became incarce held with an excessive $200,000 bail. Motion for fast and speedy trial filed Oct 29, 2004. Enclose co

3. The Sixth Amendment right to a speedy trial is enforceal against the states by virtue of the fourteenth amendment. Smith v. Hooey, 393 U.S. 374 89 S. Ct. 575, 21 L. Ed. 2d 6c (1969). This constitutional guarantee has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: (1) to prevent undue and oppressive incarceration prior to trial, (2) to minin anxiety and concern accompanying publ

to Limit the Possibilities that Long delay will impair the Ab of an Accused to defend himself, These demands are both Aggravated And Compounded in the case of an Accused who is imprisoned And that's grounds to be Release From "Cust Petitioner Constitutional Right to A Speedy trial is Violated may granted Relief by habeas corpus where his Motion For dis is denied And No other Remedy is Available, Blake V. Sta 448 So. 2d 968 (Ala. Cr. App. 1984). Also see United States Co Service, Crimes And criminal Procedure, 2421-3530 - Title (18 U.S.C.S. Chapter-208, Speedy Trial Sections-3161(A-F-H),-3162-(A-2-B-4)-3163-(B-1-2-C-)-3164(A-B-C). (Sanctions) (Violation) State has Failed To Comply-Crimes And criminal Procedure Rules, that gr for Petitioner to be Release From "Custody" Also see th Rules of Evidence-Rule 403. grounds of Prejudic Confusion, And Waste of time. Theres evidence excluded by The State it Probative Value is substantially outwe ished by the danger of Unfair Prejudice Confusion of issues of the indictment And the Jury were misle ing in setting an excessive $200,000 bail, by considerat of undue delay, Because of Sanctions Violatetion There Should Not Be A Trial, it A Waste of time Petitioner Said if He don't get the Dismissal of the Indictment, He will go Higher to Next Court

## "Relief Sought"

4. Petitioner has been out on the same bail a year 1/2, the St had a Constitutional duty to make a diligent, good faith E to bring him to trial for the charges, States failed to. Petitioner was lable as a know drug Addicts in the year of 2002, that when he got this Charges. Petitioner did seek for Help Thank to the Jail, The Petitioner Found A Program New Life Center Christian Recovery Program 317 North Main Street Enterprise, AL 36330. At the time Hon. Grady Lanier were Petitioner Attorny. The St Show Prejudice by Refute or Allow Not to be Release. Petit Enclose The Letter Page ⑭ four Excessive $200,000 bail, See Amend. 8 Note 47 Excessive Bail, Etc. Page 2 Alcoholics And Drug Addicts should Not be Permitted to go through withdrawal in County Jail without Proper Medic Attention and care in a suitably equipped medical facili Thereafter they should not be incarcerate in main county Jail but rather should be diverted to incarceration At County Rehabilitation Center or other Available Sites under the guidance of Properly Trained Personnel. The Denial Petitioner Rights to Rehabilitation Cent Prejudice the Petitioner. Alberti V. Sheriff of Harr County, Texas D.C. Tex. 1975, 406 F. Supp. 649.

## "Relief Sought"

5. At Heart of 18 U.S.C.S 3161 et seq and A.B.A Standard

# "Relief Sought"

is principle that petitioner must be discharged if not brought to trial within specified number of days; such absolute time pressure, leading to dismissal of indictment if schedule is violated, arguably suggest and may even require except to schedule for certain variables not subject to strict cor by trial court managers. Day v. United States (1978, Dis C App) 390 A 2d 957. Congress has formalized concern over delay in disposition of criminal case by enactment of Speedy Trial Act of 1974 (18 U.S.C.S 3161 et seq), And court has demonstrated its concern for minimizing undue delay in Pr disposition of criminal case by adopting plan to achieve this desired goal pursuant to Rule 50 (B); therefore Motion of Petitioner to dismiss indictment pursuant to Rule 48 (B) u be granted. United States v. Dowl (1975, DC Minn) 394 F Supp 1250. Relief should be sought in this cases

6.  Reasons why the Writ should Issue;
A. Petitioner has been in and out of Jail since the year of 2002, each time he would be incarcera (4) months or more them months add up over a years or more.

B. Petitioner has suffer a lots of pain, and his losts, he just want to get on with his life His family and love ones miss him and need h

"Reason why the writ should issue and his support, since his incarceration his family suffer hardship. Mostly why the writ should issue Petitioner has suffer prejudice by the states, States deprived Petitioner of his Sixth Amendment Right to a speedy trial, by failure to timely bring him to trial, The state's probative value is substantially outweigh by the danger of unfair prejudice in setting an excess $200,000 bail, So Petitioner could not make bail to go to Rehabilitation Center, State's violate sanctions

(Reason why the writ should issue.)
C. The State's should have made a ruleing on motion to Dismiss the indictment or Rule on motion to Redue Bond. The State's should have made a ruleing on All Motions that Petitioner filed in The Circuit Court.

(Reason why the writ should issue.)
D. The Petitioner would like to leave the state of Alabama, Thats why the writ should issue So Petitioner and his family can get on with there lifes, The indictment should be dismiss, So Petitioner and his family could get on with there lifes.

E. Petitioner has did All his Time for Drug Paraphenalia A misde[meanor] Time serve, "The writ should issue," Because of the facts, That The Petitioner should be Release from his unlawfully Incarceration.

Respectfully Submitted This The 28 day of FEB, 05 [signed]

WHEREFORE, The Premises Considered, Petitioner PRAYS The Court GRANT the Petition And order that AN ANSWER to the Petition be FILED by RESPONDENTS, At THE EARLIEST Time Possible.

I certify that I have this the 28 day of FEB 2005, served copies of this Petition on the Respondent Judge And ALL other Parties to the Action in the TRIAL Court.

_____
Petitioner

I declare under Penalty of Perjury That The Above Writ of Habeas Corpus Petition is True And Correct.

FEB 28 2005
Date

_____
Petitioner

THIS CERTIFICATE OF SERVICE ON EACH OF THE PARTIES NAME AS RESPONDENTS, INCLUDE COURT OF CRIMINAL APPEALS STATE OF ALABAMA, WITH COURT EVIDENCING, THAT CONFORMS TO THE DIRECTIVES OF RULE 21(C).

78669

## Certificate of Service

I certify that a copy of the foregoing, Habeas Corpus, petition has been served on each of the parties named as respondents, or for all parties to this proceed by mailing the same to each by first class United States mail properly addressed and posted prepaid or by personal service on this 15 day of MAR 2005, because of this Habeas Corpus, petition, petitioner is being held without an bail, _Sarjie Earl Jolly_
The reason is unknow, why?                                    Petitioner.

I declare under penalty of perjury that the above information is true and correct.

MAR 15 2005
Date
                                                _Sarjie Earl Jolly_
                                                Petitioner.

Respondents Address,

Hon. M Ashley McKathan, Circuit Judge - Covington County Courthouse, Andalusia, AL 36420.

Hon. Roger A. Powell, Circuit Clerk - Covington County Courthouse, Andalusia, AL 36420.

Lori Price, Court Reporter - Covington County Courthouse Andall AL, 36420.

Sydney Albert Smith, Attorney - P.O. Drawer 389, Elba, AL 36323.

Hon. Eugenia L. Loggins, District Attorney - Covington County Courthouse Andalusia, AL 36420.

Hon. Troy King, Attorney General - 11 South Union Street, Montgomery AL 36130-0152.