1

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARYIE EARL JONES,
  PETITIONER,

V.                              CIVIL ACTION NO: 2:05-CV-
ANTHONY CLARK,                              701-F.
  RESPONDENT.

## Motion To Amend

Comes Now The Petitioner LARYIE EARL JONES, Pro, Se, And Moves The Honorable Court to Take Immediate Actions To This Amend, And Therefore States The Following Grounds:

1. On September 27, 2005, The Petitioner were denied A Jury Trial, And He was Force, And threat, Force Petitioner to Plea guilty, BY makeing Petitioner put on some kind of Belt shocking device

2. The State D.A Told Petitioner if He did Not Plea guilty, He Threat Petitioner saying He would Prosecute Petitioner wife, He was Force to Plea guilty, The Plea was Not Voluntary, The Petitioner is Not Satisfied with The Plea Agreement He did inform the Court That He had A Federal Habeas Petition Pending, But He was denied A Jury Trial, And He was Promise All Charge will Be dismiss off His wife if He Plea guilty.

2

3. THE STATE COURT SHOULD HAVE WAITED TO SEE WHAT RULEING THE FEDERAL HABEAS WOULD MAKE.

4. PETITIONER WERE FORCE to PLEA GUILTY to 3 COUNTS to SOMETHING THAT THE STATES COULD NOT PRODUCE AT A JURY TRIAL A CONTROLLED SUBSTANCE THE COURT KNOW THAT THE CONTROLLE SUBSTANCE WAS NOT ANY DETECTIBLE AMOUNT TO SUPPORT A CONVICTION WHICH THE PETITIONER HAS PROOF TO THIS COURT, THE RESULTS OF TESTS PERFORMED ON DRUG PARAPHERNALIA.

5. PETITIONER NOT UNDERSTANDING THE CONEQUENCE OF HIS SENTENCE, PETITIONER ATTORNEY TOLD HIM HE SUPPOSE to PLEA TO ONE YEAR. THAT WAS BEFORE THE PLEA AGREEMENT WAS SIGN BY PETITIONER, THE Petitioner HAS SERVED OVER A YEAR, THE COURT DENIED ALL JAIL TIME SINCE 2001 ON THESE CASES CC-2003-187-418-419, AND 2004-347, THE STATE COURT FAIL to MEET THE BOYKIN REQUIREMENT THAT THE DEFENDANT FULLY UNDERSTAND THE CONSTITUTIONAL Rights WHICH HE WAIVES BY PLEADING GUILTY.

6. UNCONSTITITUTIONALITY OF STATUTE UNDER WHICH DETENTION IS SOUGHT TO BE SUSTAINED IS GROUNDS FOR RELIEF ON HABEAS CORPUS EITHER BEFORE OR AFTER CONVICTION OR COMMITMENT FOR ITS VIOLATION. Code 1923, 4305, 4328.

7. Petitioner states that his trial counsel never discussed his case only one time and it was at court, and his counsel did not advised him of his rights to appeal and his right to appellate counsel, and record revealed that Petitioner was not advised by the Court or from any source that he had such rights guaranteed to him by Sixth and Fourteenth, Petitioner under principled that convicted indigents have a constitutional right to representation on appeal, and he is entitled to Federal Habeas Corpus subject to state's trying him or granting him an out-of-time appeal. U.S.C.A. Const. Amends 6. 14.

8. At Court Petitioner Counsel were ineffective he fail to raise motion to dismiss the indictment because of unconstitutional delay, and denied of speedy trial, and excessively high bail $200,000. His performance was below prevailing professional norms to such extent that the Petitioner was denied Sixth Amendment Right to Assistance of Counsel. U.S.C.A. Const Amend. 6.

9. Petitioner, Attorney failed to meet the due process requirement of effective representation by counsel by failing to give Petitioner his complete loyalty, and failing to served Petitioner

4

cause in good faith and to the best of his ability.

10. State court has been less than explicit but not silent, including, State court has used procedural default in similar case to preclude review of the claims' merits whether the history of the case suggests that the State court was aware of the procedural default, and whether the State court's opinions suggest reliance upon procedural grounds or a determination of the merits, because constitutionally ineffective assistance of counsel constitutes "cause" for state procedural default.

11. Petitioner is going to file to withdraw his plea, he encloses a copy motion to strike surplusage, which it never was rule unpon.

12. Petitioner has demonstrate both an identifiable lapse in performance of his attorney and an actual adverse impact on fairness of petitioner plea resulting from the lapse, and incompetent, trial was a farce, and mockery of justice, and was shocking to conscience of the reviewing court. The purported representation was only perfunctory in bad-faith a sham a pretense, and without adequated opportunity for conference and preparation this test is applicable to case in

which counsel is retained by or for an accused as well as to cases in which counsel is appointed to represent an indigent defendant, counsel did made the plea a farce and a mockery of justice.

13. Petitioner demand End of Justice: A Federal trial judge clearly has the power, and if ends of justice is demand, the duty to reach the merits in proceeding for Federal Collateral Relief.

Wherefore The Petitioner Requests Upon this Amend And Prays that the Court grant this Amend And order a Immediate Release.

Respectfully Submitted this the __3__ day of __Oct__, __2005__.

_Sayjie Earl Jones_
Signature of Petitioner

I declare under penalty of perjury that the above amend is true and correct.

__10-3-05__
Date

_Sayjie Earl Jones_
Signature of Petitioner

Certificate of Service

I certify that a copy of the foregoing Amend Pleading has been served upon Attorney General and/or for all parties to this proceed by mailing the same to each by First Class United States Mail properly addressed and posted prepaid or by personal service on this the __3__ day of __Oct__, __2005__

Signature of Petitioner _Sayjie Earl Jones_

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA

EX PARTE LARYIE EARL JONES,
    DEFENDANT,
V.
STATE OF ALABAMA,
    PLAINTIFF.

CASE NO: CC-2003-187-418-419
    CC-2004-347

MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT OR INFORMATION

Comes now the Defendant LARYIE EARL JONES, Pro, se, Pursuant to Rule 13.2(d), Alabama Rules of Criminal Procedure, The defendant moves the Court for an order striking as Surplusage the following language:

1. For the charges of a Controlled Substance, wherever it appears in the Indictments or Information.

2. As grounds for this Motion, defendant shows to this Court as follows:

A. For the charges of a Controlled Substance in the Indictments or Informations, is irrelevance and inflammatory, prejudicial effect of Surplusage.

B. The defendant has new evidence, that the State can not produce any amount of a controlled

NCE, OR ANY MEASURABLE AMOUNT OF A CONTROLLED SUBSTANCE, THE STATE NEED to PROVE beyond A REASONABLE doubt that there WAS A MEASURABLE AMOUNT OF CONTROLLED SUBSTANCE to SUPPORT A CONVICTION. United STATES. V. Sims, 529. F.2d 10, 11 (8TH Cir.1976).

C. THE defendant is CHARGE WITH A CONTROLLED SUBSTANCE IN EACH INDICTMENTS THE STATES HAS FAILED to PRODUCE A CONTROLLED SUBSTANCE Its INFLAMMATORY CHARGES.

D. THE defendant HAS SERVE OVER 15 MONTHS, FOR Something THAT THE STATES CAN Not Produce. And THERE is PREJUDICIAL EFFECT OF SURPLUSAGE.

WHEREFORE, defendant, PRAYS FOR AN ORDER BY THE COURT STRIKING THE AFOREMENTIONED LANGUAGE WHENEVER AND WHEREVER it APPEARS IN THE INDICTMENT OR INFORMATION.

RESPECTFULLY SUBMITTED THIS THE 16 day of SEP, 2005

_____
SIGNATURE OF DEFENDANT

I declare UNDER PENALTY OF PERJURY THAT THE ABOVE PLEADING is TRUE AND CORRECT.
9-16-05

_____
SIGNATURE OF DEFENDANT

