IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 NOV -2  P 4: 16

LARYIE EARL JONES,          )
                            )
        Petitioner,         )
                            )       CIVIL ACTION NO.
vs.                         )       2:05-CV-701-F
                            )
ANTHONY CLARK, *et al.,*    )
                            )
        Respondents.        )

## RESPONSE TO ORDER OF SEPTEMBER 26, 2005

### I.

### Denial Of Speedy Trial Claim

Jones is not entitled to any relief on his speedy trial claims because he was responsible for the delay in bringing his cases for trial. Jones's attorneys filed motions for continuances and Jones filed numerous other motions that required rulings by the trial court. In addition, Jones's attorneys filed motion to withdraw, which caused further delay in bringing the cases to trial.

The Supreme Court has identified four basic factors that courts should consider in determining whether a defendant has been deprived of his constitutional right to a speedy trial: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the

defendant. See Barker v. Wingo, 407 U.S. 514, 530-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972). As we have noted, the Court explained in Barker that "[t]he first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." United States v. Register, 182 F.3d 820, 827 (11th Cir.1999) (citing Barker, 407 U.S. at 530, 92 S.Ct. at 2192). Specifically, the delay with which we are concerned is that between the date of the indictment and the trial date. See United States v. Schlei, 122 F.3d 944, 987 (11th Cir.1997). A delay is considered presumptively prejudicial as it approaches one year. *See* Doggett v. United States, 505 U.S. 647, 651- 52 & n. 1, 112 S.Ct. 2686, 2690-91 & n. 1, 120 L.Ed.2d 520 (1992); Schlei, 122 F.3d at 987 (citing Davenport, 935 F.2d at 1239); United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003). *See also* United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004) ("In order to determine whether a defendant has been deprived of his right to a speedy trial, this court must consider (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay (the "Barker factors"). Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992) (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). "The first factor serves a

triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." United States v. Register, 182 F.3d 820, 827 (11th Cir.1999) (citing Barker, 407 U.S. at 530, 92 S.Ct. at 2192.").

The first indictment, CC-2003-187, was returned on February 14, 2003. The second and third indictments, CC-2003-418 and CC-2003-419, respectively, were returned on September 17, 2003. The fourth indictment, CC-2004-347, was returned on October 13, 2004. Jones pleaded guilty on September 27, 2005, and received a 15-year sentence in CC-03-419, a fifteen year sentence in CC-03-418 and a 15-year sentence in CC-03-187. The State dismissed the charge contained in CC-04-347. Because Jones's case came for trial on September 27, 2005, which was more than one year after his indictments, the delay must be presumptively prejudicial.

Jones, however, was the cause for the delay. His cases were initially set for trial on February 23, 2004- barely a little more than one-year period after the first indictment was returned, but much less that one-year period after the second and third indictments were returned- but the cases were continued on a motion by the defense. (Exhibit AA, page 2). Jones was also scheduled to appear in court on June 21, 2004, but he failed to do so. An alias warrant was issued for his arrest on June 22, 2004. (Exhibit AA, page 3)

Jones's trial was then set for September 22, 2004, but again it was continued on Jones's motion. (Exhibit AA, page 4)  His trial was a set again for the week of February 28, 2005, but Jones again filed a motion for continuance. Exhibit AA, page 6) His trial date was then set for April 25, 2005, but again he sought a continuance. (Exhibit BB, pages 19, 22)  Jones's trial was set for the week of June 27, 2005, but the defense, with Jones's written consent, again moved for a continuance. (Exhibit BB, pages 9, 11)

Much of the need for the continuances was occasioned by Jones's inability to work with counsel for the defense. Jones's counsel withdrew when he sought the continuance on September 22, 2004. (Exhibit BB, page 5)  Another counsel filed a motion to withdraw on May 9, 2005. (Exhibit BB, page 7) In addition to the motion for continuances, Jones filed numerous motions and petition in the trial court that required rulings by the trial court.

It is clear that at least a year of the delay in bringing Jones to trial was caused by Jones himself, and that delay is not chargeable to the Prosecution. The prosecution was prepared to proceed to trial, and Jones sought the motions to continue. In fact, all of the motions to continue were filed by Jones. Because Jones was responsible for the delay, the prosecution did not deny him a speedy trial. *See* Hill v. Wainwright, 617 F.2d 375, 378 (5th Cir. 1980) ("Closely related to the length of delay is the reason the government assigns to justify the delay. If the

postponement is occasioned by the actions of the accused himself, the delay (or any relevant portion of it) may be excused.").

The court in Hill also recognized that a defendant would not be denied a speedy trial if he filed numerous motions that needed to be resolved before the trial. "The appellate delay occasioned by petitioner's various legal initiatives should not be attributed to the state. Moreover, the state was not unreasonable in choosing not to try petitioner while these motions to dismiss were pending. This court has previously acknowledged that "(i) t would be extremely difficult to charge the state with failure to try an accused while the accused is himself seeking a writ to prohibit such a trial." Id. at 378-379, citing Torres v. Florida, 477 F.2d 555, 556 (5th Cir. 1973). The court further noted that, "The United States Supreme Court in a different context has recognized the value of not going to trial (potential avoidance of personal strain, public embarrassment and expense of a criminal trial) before resolution of certain pre-trial motions." Id. at 379. After considering the Barker factors, the Hill court denied relief on the speedy trial claims. ("Much of this delay, however, is appropriately chargeable to the petitioner. And while the petitioner did assert his right to a speedy trial in several letters, on the other hand his actual trial and appellate tactics were designed to prevent trial. Further, Hill failed to demonstrate actual prejudice, despite his not unreasonable arguments to

such effect. Balancing all of the relevant factors, we conclude that Hill obtained the speedy trial that the Constitution guarantees him.").

In addition, even though Jones asserted his right to a speedy trial, he has not demonstrated any prejudice from the delay that is attributable to the prosecution. "The Supreme Court identified three interests which the speedy trial right is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." United States v. Greer, 655 F.2d 51, 53 (5th Cir. 1981). Jones was out on bail and did not suffer any oppressive pre-trial incarceration. Furthermore, Jones had not demonstrated that his defense was impaired by the loss of witnesses or evidence. Relief on a speedy trial claim should be denied where there is an absence of proof that the defendant suffered any prejudice. See United States v. Hernandez, 724 F.2d 904, 906 (11th Cir. 1984) ("Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), identified four factors to be balanced in weighing sixth amendment speedy trial contentions. These include length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Id. at 530, 92 S.Ct. at 2192. Hernandez' cause founders on the fourth of the contentions, the total absence of any showing of prejudice.").

## CONCLUSION

Jones is not entitled to any relief on this claim because he caused the delay in bringing his case to trial.

Respectfully submitted,

Troy King,
*Attorney General*
By:

James B. Prude
*Assistant Attorney General*
PRU005

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd of November, 2005, I served a copy of the

foregoing on the Petitioner, by placing the same in the United States Mail, first

class, postage prepaid and addressed as follows:

    Laryie Earl Jones
    AIS #156610
    Covington County Jail
    290 Hillcrest Dr.
    Andalusia, Alabama 36420

_____
James B. Prude
Assistant Attorney General
PRU005


ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

227514/84051-0041