IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| vs. | ) 2:05-CV-701-F |
| | ) |
| ANTHONY CLARK, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ADDITIONAL RESPONSE TO ORDER OF SEPTEMBER 26, 2005**

I

**Jones Was Not Subjected To An Excessive Amount For His Bond.**

Jones is not entitled to any relief on a claim that his bond was excessive. According to records from the Covington County Clerk's office, Jones was not subjected to a $200,000 bond.

Jones's bond on CC-03-187 was set at $13,000. (Exhibit CC, page 2) Jones was released on bond on June 3, 2003, but the State filed a motion to revoke the bond on June 13, 2003. (Exhibit CC, page 1) Jones was subsequently arrested on other charges on June 24, 2004. The trial court, however, denied the State's motion to revoke the bond on October 20, 2003. Jones was re-released on October 28,

2003. (Exhibit CC, page 4) The State filed a second motion to revoke the bond on October 30, 2003, which the trial court granted on November 24, 2003. (Exhibit CC, pages 5 and 9)

Jones posted bond on CC-418 on October 25, 2003, which was set at $25,000. (Exhibit CC, page 10) According to the circuit clerk's office, he posted bond on CC-419 on October 28, 2003, which was set at $50,000. His bonds on these charges were not revoked.

Jones's bond was apparently revoked in CC-03-187 because he was indicted in CC-418 and 419. (Exhibit CC, page 9)

"The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty." Pugh v. Rainwater, 572 F.2d 1053, 1057 (5th Cir. 1978). "Such requirement as is necessary to provide reasonable assurance of the accused's presence at trial is constitutionally permissible." Id. "The basic test for excessive bail is whether the amount is higher than reasonably necessary to assure the accused's presence at trial." United States v. James, 674 F.2d 886, 891 (11th Cir. 1982). "As long as the primary reason in setting bond is to produce the defendant's presence, the final amount, type, and other conditions of release are within the sound discretion of the releasing authority, and we may review only for an abuse of that discretion." Id.

"The Supreme Court has said that the determination of whether bail is excessive involves an assessment of whether the amount fixed is "reasonably calculated" to assure the presence of the accused at trial." Simon v. Woodson, 454 F.2d 161, 165 (5th Cir. 1972). "[A]lthough there is no discretion to refuse to reduce bail adjudged to be excessive, the initial determination of excessiveness still involves standards of reasonableness. Thus, the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." Id.

The amount of bail set by the trial court on the three charges was reasonable. Jones apparently had no problem obtaining the bond for his bail. His bail was not excessive, and the trial court did not act arbitrary in setting the bail.

## II
### The Revocation Of Jones's Bond Was Proper

Jones was not denied bail because the amount set for his bond was excessive. It is apparent that Jones's bond on CC-03-187 was revoked because he committed subsequent offenses. Because Jones's bond on CC-187 was revoked, he was held in jail pending his trial on that charge. Even though his bonds on CC-418 and CC-419 were not revoked, he could not be released on these bonds because he was being held on the revocation of bond on CC-187.

*See* United States v. Farese, 611 F.2d 67, 69 (5th Cir. 1980) (The district court did not abuse its discretion in revoking bond of a defendant who violated the condition of the bond.).

## III.

### Jones's Federal Habeas Claim Was Waived By The Entry Of His Guilty Pleas.

Jones pleaded guilty to the offenses charged in CC-187, CC-418 and CC419. Consequently, his federal habeas claim that he was subjected to excessive bail is waived. "The contention that petitioner was denied due process by excessive bail, if it rises to constitutional levels, was waived by the voluntary plea of guilty." Lambert v. United States, 600 F.2d 476, 477-78 (5th Cir. 1979).

## CONCLUSION

Jones's federal habeas claims should be denied.

                    Respectfully submitted,

                    Troy King,
                    *Attorney General*
                    By:

/s/ James B. Prude
James B. Prude
*Assistant Attorney General*
PRU005

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd of November, 2005, I served a copy of the foregoing (including exhibits) on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Laryie Earl Jones
AIS #156610
Covington County Jail
290 Hillcrest Dr.
Andalusia, Alabama 36420

_____
James B. Prude
Assistant Attorney General
PRU005

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

227583/84051-0041