IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
NOV 28 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.
SCANNED

LARYIE EARL JONES,  )
  Petitioner,  )  Civil Action No.
  )  2:05-CV-701-F
ANTHONY CLARK,  )
  Respondents.  )

## Answer

Come Now The Petitioner LARYIE EARL JONES PRO,SE, to Respond to the Order to Show Cause issued by this Honorable Court on November 4, 2005

## Procedural History

On or about the 9-17-2002 in CC-2003-187 the Petitioner was Arrested by officer Phillip Joyner, and officer Brock, with the City of Opp Alabama. He was Charge with Poss of drug Paraphenalia. These officers made a deal with the Petitioner If he give them some names he would be charge with Paraphenalia only. He did what the officer wanted him to do and the case was dispose of, he was later Indicted for the same charge and added to that charge was a Poss of a Controlled Substance Resdue in Violation of double Jeopardy Clause. U.S.C.A.

1

Const Amend. 5. The first indictment, CC-2003-187 was returned on February 14, 2003. The second and third indictments, CC-2003-418 and CC-2003-419 were returned on September 17, 2003. The fourth indictment, CC-2004-347 was returned on October 13, 2004. Petitioner filed a motion for fast speedy trial in CC-2003-187-418-419, the motion was denied, all motions was denied all petitions was denied they was denied in the Alabama Court of Criminal Appeals. The Petitioner has not got any relief from state court or criminal appeals.

## Issues Raised in Federal Habeas Petition

1. Petitioner has been denied a speedy trial, since 2002 there been over 14 continuance without the consent of the petitioner, all the delays is caused by prosecution. Petitioner would not plea to these charges all counsel would withdraw from cases. The only continuance that petitioner had consent to is on June 27, 2003 because we was waiten for the report results from analysis samples, Riley Powell was the counsel, Petitioner has been denied a speedy trial because of unconstitutional delays and he suffer prejudicial he was held in jail unlawful without bail, and the state did not have a good cause to revoke bond. Because the

2.

Petitioner would have appear in court on June 22, 2004. He was incarceration in Geneva County Jail. The State forfeiture the Bond for the wrong reason Petitioner has proof. The State engages in discriminatory and arbitray administration of bail system, An accused detaintion by state may test by Habeas Corpus the propriety of both his detention with out bail and the setting of excessive bail. Wansley V. Wilkerson D.C. Va 1967. 263 F. Supp 54. Petitioner has been denied a speedy fast trial and presently awaiting trial he was denied a Bail in CC-2003-187-418-419, Violated of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States, The Petitioner did demand a speedy trial of these pending charges, The State nevertheless fails to make a diligent effort to obtain him for trial, And Petitioner exhausts his state remedies by seeking dismissal of the charges against him because of unconstitutional delays Petition prevails in Federal Court upon merits of his claim of denial of a fast speedy trial. Petitioner file a motion for production by the State on 9-10-04 State fail to produce of any evidence of a controlled substance and the State never answer the motion, which then there were over 32 months unnecesary delay. In CC-2003-187. Actually prejudiced the Petitioner, The indictment was legally insuffi-

3

cient Because state fail to produce evidence or answer the motion for production the state did not have any real evidence of a controlled substance. Unduly inflammatory, offensive, prejudicial. Normally, real evidence is marked as an exhibit and introduced in evidence. Alabama courts, however, ordinarily hold that items which are exhibited to the jury but are not formally introduced nevertheless may be considered as evidence. In fact, one decision held that the proper way to introduce real evidence into evidence is to identify it and exhibit it before the jury. Cataloging the virtually limitless examples of real evidence obviously would be a monumental, if not impossible, task. A few examples of real evidence which have been admitted in evidence or exhibited to fact-finders include artificial limbs,[185] cinders,[186] clothing,[187] controlled substances, fingerprint cards, and latent print lifts, fruits of crime instrument of crime people, railroad cross-ties, scars, videotapes of the events in issue weapons, and various and sundry, other items. The petitioner has real evidence he did withdraw his plea of guilty. See Exhibit(A) The trial judge set the plea of guilty aside til 12-1-2005 he will rule on it then, because he misplace the transcripts of 9-27-2005, the reason petitioner withdraw because failure of state court to give state prisoner credit for time served before trial where

[margin note, left side:] The state, did not have, any real, evidence. To mark as, exhibit.

4

He had received maximum penalty for offense not only constituted multiple punishment for a single offense in violation of double jeopardy clause of U.S.C.A. Const Amend. 5. But also constituted an vidious discrimination against the poor in violation of Equal Protection Clause, of U.S.C.A. Const. Amend. 14 considering the wealthy are able to stay out of jail until conviction and sentencing, and federal habeas corpus relief would be afforded prisoner to extent of giving him full credit for time spent in custody before commitment. CULP V. BOUNDS D.C. N.C. 1971. 325 F. SUPP. 416

2. Petitioner was detained unlawfully because his bail in the amount of $200,000 is excessive, which did constitutes a denial of due process; in CC-2004-347 and statues of limitation expire the trial court dismiss because lack of evidence, this case was the same as CC-2003-187-418-419, statute of limitation, lack of evidence, the trial should have dismiss these as well. The petitioner is still been held unlawful, he has suffer prejudicial unjustly arouse and sympathy, he suffer loss of time, physical dis comfort, and injury to petitioner physical and mental health, and cruel unjust and hardship in conscious disregard of petitioner rights, and fraud, wantonness, and malice, and pain.

5

life suffer, mental anguish, and loss of consortium, petitioner suffering medical bills and lost of wages as well as pain and suffing and 5% permanent disability, and mental anguish

3. The petitioner is being held unlawfully because he has been awaiting trial for 15 months and he has been waiting for results of tests performed on drug paraphernalia. See Exhibit (B).

(A)

Jones's petition should be grant because it does contain ground on which he is entitled to relief, and because of statute

(A) of limitations had expire.

The speedy trial claim raised in the habeas petition are not moot.

(B) Because of statute of limitation In trial court petitioner is entitled to a dismissal of state's indictments because relief is available in federal habeas corpus petition.

(C)

Jones is entitled to relief on these claims in a pre-trial habeas corpus because he do not has a remedy under state law to obtain review of the claim, because the plea of guilty is set aside til 12-1-2005, Jones file motion for arraignment and to withdraw plea of guilty. See Exhibit (A) Trial judge told the circuit clerk if Jones file any pro, se motion to send them back to him, clerk name Roger Powell he made that comment on the 11-8-2005 at the hearing, 9:00 AM. Trial judge made the

6

Comments.

## CONCLUSION AND DEMONSTRATE THAT PETITIONER IS ENTITLED TO RELIEF ON GROUNDS PRESENTED IN THE HABEAS CORPUS PETITION.

Factors Considered in determining Violation of Right.

1. The State fail to Comply with 3161. Time Limits And Exclusions, Chapter 208 - Speedy Trial in case CC-2003-187-418-419, in case 187, Petitioner was arrested 9-17-2002, in case 418, He was arrested May 14 2003, in case 419, He was arrested on 5-11-2003. In these cases the State fail to compliance with this chapter, Length of delays, is from 9-17-2002 To ~~9-17-04~~ in case CC-2003-187, in CC-2003-418 He was arrest on 5-14-2003 And CC-2003-419 - To ~~7-14-04~~. Petitioner stated between that times and dates, the State fail to try him within time limits of this Chapter, the State is at fault for the unreasonable delays, And the State did not have any real evidence to mark as exhibit to introduced in evidence, And these cases should have been Dismissal, Like in the fourth indictment CC-2004-347, All cases is a Like, And Reason for delay did caused by the faut of the Prosecution.

2. Petitioner file motion for fast and speedy trial on 10-29-2004, He was denied when he had asserted his right, prejudice resulting to the petitioner from delays, meaningfulness of Remedy, Seriousness of Crime, and foreseeable impact of a decision to dismiss on society generally and Administration of Justice. U.S v. Koch, D.C.N.Y. 1977, 438 F.Supp. 307

7

STATES FAIL TO COMPLY WITH THESE RULE

3. Duty of Court: Even if it is reasonable to schedule an intervening trial during period in which a previously scheduled case has been continued the trial court must keep track of the time limits on the suspended cases which, if scheduled as superseding cases, will cause a suspended case to be tried later than the time provided in this section, it must provide for scheduling of the postponed trial within the time mandated by this section by transferring the case to another judge, by requesting assignment of a visting judge or simply not by scheduling the intervening trial. U.S. v. Nance, C.A. Cal. 1981, 666 F.2d 353, See Exhibit (C), Petitioner file motion, on 8-11-05.

4. Speedy Trial is a right to which a defendant is entitled as a matter of law; It is the Courts responsibility to insure that criminal trials proceed expeditiously, and defendant need not press for a quick adjudication of his case in order to preserve his rights. U.S. v. Rivera. D.C.N.Y. 1977, 427 F. Supp. 89.

5. District Court did not err in denying defendants' motion to dismiss, or in the alternative, motion in arrest judgment for government's alleged failure to try defendant within time limit set by this chapter where defendant was tried before sanction of dismissal was provided in section 3162 of this title. U.S. v. Hooper, C.A. Wis. 1979, 596 F.2d. 219.

8

## Power of Court

6. District Court has inherent power to control it own docket to insure that cases proceed before it in a timely and orderly fashion. U.S. v. Correia. C.A. 1976, 531 F.2d. 1095.

Inherent power of federal trial courts to dismiss case for failure to prosecute with due diligence is indendent of and distinct from power which this Chapter vests in district courts. State v. Wells, Me, 1982, 443 A.2d 60.

7. Wherefore the Petitioner have shown that the Petitioner is entitled to relief on his claims. This petition should be granted, because the petitioner have overwhelming evidences to go to the jury on every element of his affirmative case should not have the expense and inconvenience of a trial inflicted upon him by ~~respondents~~ who have no evidence to go to the jury. See Exhibit (B) The ~~~~ Respondent's is subject to the provisions of Rule 56(F), a court may render summary judgment for Petitioner whenever the same state of the proof would justify a directed verdict for him at trial.

8. The State Courts action was unconstitutional.

9.

9. THE RESPONDENTS CAUSED PETITIONER DURATION OF HIS CONFINEMENT AND HE SEEK IMMEDIATE OR SPEEDIER RELEASE AND MONEY DAMAGES IMPLY FOR PUNISHMENT IMPOSED

10. PETITIONER SUFFER OPPRESSIVE PRETRIAL INCARCERATION, AND MINIMIZE ANXIETY CONCERN HIM, PETITIONER DEMONSTRATE PREJUDICE FROM THE DELAYS THAT IS ATTRIBUTABLE TO THE PROSECUTION, AND THE DEFENSE WILL BE IMPAIRED TO HAVE A FAIR TRIAL, BECAUSE BY LOSS OF WITNESSES, THE PETITION SHOULD BE GRANTED BECAUSE HE HAS PROOF HE SUFFER PREJUDICE.

11. PETITIONER WAS DENIED SIXTH AMENDMENT SPEEDY TRIAL, FOUR FACTOR, LENGTH OF DELAY, REASON FOR DELAY, DEFENDANT'S ASSERTION OF HIS RIGHT, AND PREJUDICE TO THE DEFENDANT.

12. PETITIONER IS ENTITLED TO RELIEF ON THIS CLAIM BECAUSE HE DID NOT CAUSE THE DELAY IN BRINGING HIS CASE TO TRIAL, BEFORE THIS PETITION WAS FILED, RELAY BACK IN CASE CC2003-187, THE 9-17-2002 TO 9-17-2003, IN CASE CC-2003-418 FROM MAY 14, 2003 TO MAY 14, 2004, AND IN CASE CC-2003-419, JUNE 11, 2003 - TO JUNE 11, 2004, IT WAS THE FAUT OF THE PROSECUTION.

10.

13. THE RESPONDENTS did Admit THAT PETITIONER WERE DENIED A SPEEDY TRIAL, SEE IN THERE RESPONSE TO ORDER OF SEPTEMBER 26, 2005, DENIAL OF SPEEDY TRIAL CLAIM, PAGE (3) COLUMN-10. It STATED - THE STATE dismissed THE CHARGE CONTAINED IN CC-04-347. BECAUSE JONES'S CASE CAME FOR TRIAL ON SEPTEMBER 27, 2005, WHICH WAS MORE THAN ONE YEAR AFTER HIS INDICTMENTS THE dELAY MUST BE PRESUMPTIVELY PREJUDICIAL. THE RESPONDENTS Admited AND it PROOF THAT CASE CC-2003-187-418-419 THE INDICTMENTS IS LEGALY INSFFICIENT, PETITIONER HAS dEMONSTRATE HE SUFFER PREJUDICIAL AND It THE STATE COURT DUTY TO DISMISS THE CC-2003-187-418-419, BECAUSE IN CC-2004-347. IS THE SAME AS CC-2003-187-418-419 AND WHICH WAS MORE THAN ONE YEAR AFTER INDICTMENTS THE DELAY MUST BE PRESUMPTIVELY PREJUDICIAL, THE TRIAL JUDGE FAIL TO BACK DATE CASES 2003-187-418-419 HE WOULD HAVE TREATED ALL CASES THE SAME, PETITION SHOULD BE GRANTED.

11

14. Petitioner has an expert witness will testify at trial for the Petitioner. See Exhibit (B).

Whereas Petitioner have demonstrated and show that the Petitioner is entitled to relief on his claims this petition should be granted, because Respondent's expressly admits denied of speedy trial and the state dismissed the charge contained in CC-04-347 and trial Judge should have treated all these cases the same.

Exhibits Submitted
Motion for Arraignment and to Withdraw A Plea of guilty - A - Exhibit
Results Analysis - B - Exhibit
Motion for Change of Place of Trial or Dismiss the indictment - C - Exhibit
Motion for Bond or Reinstate Bond - Exhibit - D
Written Response Forfeiture of Bond - Exhibit - E
Motion for Fast and Speedy Trial - Exhibit - F
Request of Defendant For Production by State - Exhibit - G
Motion for Pre-Trial Determination of Admissibility of Evidence - Exhibit - H
Motion to Strike Surplusage from indictment or information - Exhibit - I

12.

Motion For A Bail Pending The Hearing of Arraignment To withdraw Plea of guilty EXHiBit - J

Consent To Continuance - EXHiBit - K

Booking Date Bond sitting excessive $200,000 EXHibit - L

It is Necessary For An Evidentiary Hearing

Respectfully Submitted This The 22 day of Nov, 2005.

*Laryis Earl Jones*
Signature of Petitioner

Certificate of Service

I Hereby Certify that on this 22 day of Nov 2005, I have served copy to the Attorney General / and for all parties by mailing the same to each by First Class United States Postal Service the document including as Exhibits.

*Laryis Earl Jones*

13