EXHIBIT 1 (C)

IN THE CIRCUIT COURT OF COVINGTON COUNTY ALABAMA
EX PARTE
LARYIE EARL JONES,
    DEFENDANT,
V.
STATE OF ALABAMA,
    PLAINTIFF.

CASE NO: CC-2003-187-418-419
         2004-347


DENIED
August 25 20 05
[signature]
CIRCUIT JUDGE

MOTION FOR CHANGE OF PLACE OF TRIAL OR Dismiss THE INDICTMENT

COME NOW THE DEFENDANT LARYIE EARL JONES, PRO, SE, MOVE this HONORABLE COURT FOR CHANGE OF PLACE OF TRIAL, AND AS THEREFORE STATES the FOLLOWING GROUNDS:

1. ON OR ABOUT SEPTEMBER 17, 2002, THE DEFENDANT WERE ARRESTE AND CHARGE WITH POSSESSION OF DRUG PARAPHERNALIA A CLASS (A) MISDEMEANOR, AND BECAUSE OF RESIDUE IN THE PARAPHERNA HE WAS CHARGE WITH A POSSESSION OF CONTROLLED SUBSTAN IN CASE NUMBER CC-2003-187.

FILED IN OFFICE
AUG 15 2005

2. ON OR ABOUT MAY 14, 2003, THE DEFENDANT WERE ARRESTED AND CHARGE WITH POSSESSION OF DRUG PARAPHERNALIA A CLASS (A) MISDEMEANOR, AND BECAUSE OF RESIDUE IN THE PARAPHERNAL HE WAS CHARGE WITH A POSSESSION OF CONTROLLED SUBSTANCE IN CASE NUMBER CC-2003-418.

3. ON OR About JUNE 11, 2003, THE DEFENDANT WERE ARRESTED AN CHARGE WITH POSSESSION OF DRUG PARAPHERNALIA A CLASS (A) MIS DEMEANOR, AND BECAUSE OF RESIDUE IN THE PARAPHERNLIA HE W CHARGE WITH A POSSESSION OF CONTROLLED SUBSTANCE, IN CASE NUMBER CC-2003-419.

4. ON OR About JULY 14, 2004, THE DEFENDANT WERE ARRESTED AND CHARGE WITH POSSESSION OF DRUG PARAPHERNALIA A CLASS (A MISDEMEANOR, AND BECAUSE OF RESIDUE IN THE PARAPHERNLIA HE WAS CHARGE WITH A POSSESSION OF CONTROLLED SUBSTANCE IN CASE NUMBER CC-2004-347.

5. IN CASES NUMBERS CC-2003-187-418-419, THE DEFENDANT HAS SERVED 20 MONTHS, IN CASE NUMBER CC-2004, THE DEFENDANT HAS SERVED 13 MONTHS WITH AN EXCESSIVE $200,000 BAIL, AND NO BAIL IN CASES CC-2003-187-418-419.

FILED IN OFFICE AUG 1 5 2005

THE DEFENDANT REQUEST FOR CHANGE OF PLACE TRIAL TO THE NEAR- ST COUNTY FREE FROM PREJUDICE, THIS COURT HAS SHOWS THAT AN UNFAIR AND IMPARTIAL TRIAL AND AN UNBIASED ERDICT CANNOT BE REASONABLY EXPECTED IN THIS COUNTY IN WHICH THE DEFENDANT IS TO BE TRIAL, BECAUSE IN CASE CC-2003-187 THERE IS 36 MONTHS DELAY PREJUDICE THE EFENDANT, IN CASE CC-2003-418 THERE IS 24 MONTHS DELAY REJUDICE THE DEFENDANT, IN CASE CC-2003-419 THERE IS 3 MONTHS DELAY PREJUDICE THE DEFENDANT IN CASE CC-2004-347 THERE IS 13 MONTHS PREJUDICE TH

Defendant, which violated the Defendant Constitution Right to Due Process of Law. Norris V. Frame, C.A.Pa. 1978, 585 F.2d 1183.

1. Due Process Requires that Pretrial detainee Not be Punished. Schall V. Martin, N.Y. 1984, 104 S.Ct. 2403, 46 U.S. 253, 81 L.Ed.2d 207.

2. No Pretrial detainee should be Held in the same cell or cell block of County Jail with any person who Has Been convicted of a crime and sentenced. Alberti V. Sheriff of Harris County, Texas, D.C. Tex. 1975, 406 F.Supp. 649.

3. Ill.S.H.A. CH. 110A. 57-604(A)(3), Providing that "A defendant shall not be held in jail or to bail during the Pendency of an appeal by the state, or of a petition or appeal by the state unless there are compelling reasons for his continued detention or being held to bail. U.S. Ex rel. Fitzgerald V. Jordan, C.A. Ill. 1984, 747 F.2d 1245.

FILED IN OFFICE
AUG 1 5 2005
Corie Ledbetter
CLERK

4. State Lacks the Authority to Subject Pretrial detainees to the same punishing circumstances as convicted Person; imposition of Punishment without conviction deprives the Accused of due Process. Alberti V. Sheriff of Harris County, Texas, D.C. Tex, 1975, 406 F. Supp. 649.

EXHIBIT C

1. THIS CLAUSE PROTECTS PRETRIAL DETAINEES FROM ABUSIV treatment, AND DECISIONS APPLYING CRUEL AND UNUSUAL PUNISHMENT CLAUSE SERVE AS USEFUL ANALOGIES. Patzig V. O'Neil C.A.Pa. 1978, 577 F.2d 841.

2. AN INDIVIDUAL's Constitutional Rights, Relative to detainment IN A HOUSE OF DETENTION, MAY Not be sacrificed on the ground that the city has other AND MORE PRESSING PRIORITIES, SINCE to do so would be to discriminate grievously Against Poor Person who cannot Afford Bail. Rhem V. Malcolm, C.A. N.Y. 1975, 527 F.2d 1041.

3. Although Eighth Amendment has No Application to Pretrial detainees Retain Constitutional Rights derived From the due Process Clause of the Fourteenth Amendment. Robinson V. Moses, N.D. Ind. 1986, 644 F.Supp.97

4. THIS CLAUSE Forbids Punishment of Person Held in Custody Awaiting trial. Odom V. Tripp. D.C. Mo. 1983, 575 F. Supp 491.

FILED IN OFFICE AUG 15 2005

5. Whether imposition of Punishment on Pretrial detainees Confined in County Jail was Violative of their Rights Under Amend (8) was Questionable, but it was clearly a Violation of their Rights under this clause And Equal Protection clause of this Amendment to Subject them to Any Form of Punishment For Confinement Beyond

5

that which was reasonably neccessary to insure thei[r] presence at trial. Vest v. Lubbock County Com'rs Cou[rt] D.C. Tex. 1977, 444 F. Supp. 824, Pretrial detainee is entitled to protection from cruel and unusual punis[h]ment as matter of due process. Owen-El v. Robinso[n] D.C. Pa. 1978, 442 F. Supp. 1368.

6. Before pretrial detainees may be subjected to loss of privile[ges] [f]or more than one day, isolation, reduced diet, or loss of all privil[eges] there must be: (1) Hearing before impartial officer not involve[d] [i]n the transaction or in investigation of the charges, (2) Reas[onable] [s]ible advance oral or written description of the charges [i]n advance of a hearing, (3) general right to confront [and] present witnesses at hearing, (4) Right to confront and [q]uestion accusers and (5) short, written statement of con[c]lusions composed by hearing officer and given to inma[tes] [I]nmates of Milwaukee County Jail v. Peterson, D.C. Wi[s.] [1]973, 353. F. Supp. 1157.

FILED IN OFFICE
AUG 1 5 2005

7. L.S.A-Const. Art. 1-12, Providing that all persons shall be [av]ailable by sufficient sureties, except persons charged with [a] capital offense, where proof is evident or presumption [g]reat, etc, does not deny a defendant who is charged with [a] capital offense, in case where proof is evident or pres[umption] [pres]umption great of due process of law, or equal pro[t]ection of the law and privileges and immunities guarante[ed] [h]im. By the Constitution and Law of United States. McCarr[oll]

EXHIBIT C

8. THE DRUG PARAPHERNALIAS ALL FOUR WHERE SENT TO OPELIKA ALABAMA to C. RANDALL CLARK, PH.D. MR. MARK ODOM IS THE ONE WHO SENT THEM ON MAY 11, 2005. DEFENDANT ENCLOSE A COPY OF THE REPORT OF THE ANALYSIS, IN THE REPORT OF THE RESULTS, THE EVIDENCE OF THESE CASE WAS TO BE CHARGE ALL MISDEMEANORS ONLY DRUG PARAPHERNALIAS, BECAUSE THERE ARE NOT ANY DETECTIBLE AMOUNT OF CONTROLLED SUBSTANCE TO SUPPORT A CONVICTION

WHEREFORE THE DEFENDANT REQUESTS UPON THIS MOTION THAT THE COURT PERMIT A RULE 16.4 PROTECIVE ORDER AND CONDITIONS OF DISCOVERY TO MAKE SUCH SHOWING IN A PART OF THE INDICTMENT IN THE FORM OF A WRITTEN STATEMENT TO BE INSPECTED BY THE JUDGE ALONE ALSO PERMIT A RULE 16.3 CONTINUING DUTY TO DISCLOSE ALL CONTROLLED SUBSTANCE CHARGES, AND REMAND THE PARAPHERNALIAS TO THE DISTRICT COURT OR CHANGE OF PLACE OF TRIAL DO TO PREJUDICE FOR DELAY DEFENDANT PRAYS THAT THIS HONORABLE COURT TAKE ACTION IN THIS MATTER AND PLEADING AND GRANT HIS MOTION AND A HEARING BE HELD AS A MATTER OF LAW AND AN ORDER ANSWER NAMED AS THE PLAINTIFF BE GIVEN AT THE EARLIEST POSSIBLE TIME. RESPECTFULLY SUBMITTED THIS THE 11 DAY OF AUG 2005.

FILED IN OFFICE
AUG 15 2005

Larry Earl Jones

DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE PLEADING IS TRUE AND CORRECT. 8-11-05 Larry Earl Jones