IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

STATE OF ALABAMA,
    PLAINTIFF,

VS.

LARYIE EARL JONES,
    DEFENDANT.

CASE NO: 2003-418-419-187

FILED IN OFFICE
NOV 03 2004

## MOTION FOR FAST AND SPEEDY TRIAL

COMES NOW THE DEFENDANT, BY AND THROUGH LARYIE EARL JONES, PRO SE, AND REQUESTS THIS HONORABLE COURT TO GRANT A PROMPT AND SPEEDY TRIAL IN THIS MATTER, AND AS GROUNDS STATES THE FOLLOWING:

1. THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL IS DESIGNED TO PROHIBIT ARBITRARY AND OPPRESSIVE DELAYS WHICH MIGHT BE CAUSED BY THE FAULT OF THE PROSECUTION. THE RIGHT TO A SPEEDY TRIAL ON THE MERITS IS NOT DESIGNED AS A SWORD FOR THE DEFENDANT'S ESCAPE, BUT AS A SHIELD FOR HIS PROTECTION. TINER VS. STATE, 182 So.2d 859, 66

2. BETWEEN ARREST ON AN INDICTMENT AND TRIAL THERE ORDINARILY SHOULD NOT BE MORE THAN SIX TO NINE MONTHS. MAYBERRY VS. STATE, 264 So.2d 198 (1971)

3. THE RIGHT OF A SPEEDY TRIAL IS NECESSARILY RELATIVE. IT IS CONSISTENT WITH DELAYS AND DEPENDS UPON CIRCUMSTANCES. IT SECURES RIGHTS TO A DEFENDANT. IT DOES NOT PRECLUDE

EXHIBIT
  F

The Right of Public Justice: The Constitutional Right to a Speedy Trial is designed to prohibit arbitrary and oppressive delays which might be caused by the fault of the prosecution. Tiner vs. State, 182 So.2d 859 (1966) Right to a Speedy Trial is a relative right which depends upon circumstances of each case; it is designed to prohibit arbitrary and oppressive delays caused by prosecution but does not operate to deprive the State of a reasonable opportunity of prosecuting criminals. Braden v. State, 256 So.2d 425 (1971).

4. Constitutional requirement for speedy trial is to certain extent self executing, but it contemplates legislative enactment so as to provide adequate machinery for administration of criminal law. Ex Parte State Ex Rel Gen., 52 So.2d 158 (1951).

5. An unreasonable delay arising from negligence of the prosecution without fault or consent by appellant violates the constitutional guaranty of a speedy trial. Foster v. State, 229 So.2d 913 (1969).

6. Delay of two years and nine months, between return of indictment and notice to defendant of indictment, without any reasons for such delay being shown by the State, violates constitutional guaranty of speedy trial, and indictment should have been dismissed. Foster v. State, 229 So.2d 913 (1969)

7. The Defendant was indicted in the above referenced case in on September 28, 2003, on June 22, 2004

EXHIBIT F

off the defendant in Count one and two in the Indictment, =2 Charges - Defendant trial has been set on numerous occasions and continued through no fault of his own, defendant should be automatic review by such court of condition release.

9. Wheres the court Act unreasonably and arbitrarily in setting $200,000 bail is Excessive. defendant should be automatic review by such court of condition release.

10. This is unreasonable delay and the indictment is therefore due to be dismissed, pursuan to USCS Rules of Criminal Procedure Rule 48 (B). United state v. Dowl (1975 Dcminn, 394 F Supp)

Respectfully submitted this the 29th day of Oct, 2004.

Largie Earl Jones,
Defendant.

NOV 03 2004

Certificate of Service

This is to certify that i have this day served State of Alabama for the opposing party in the foregoing matter with a copy of this pleading by depositing a copy of in the by mailing the same to D.A by first class United States mail properly addressed and posted prepaid or by personal service on this the 29th day of Oct, 2004.

Largie Earl Jones,
Defendant.