IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARYIE EARL JONES,
    Petitioner,

V.                                  Civil Action No: 205-CV-701-F

ANTHONY CLARK,
    Respondent.

## Motion To Amend

Comes Now The Petitioner LARYIE EARL JONES, Pro, se, moves the Honorable Court to take immediate action to this amend, and as therefore states the following grounds:

1. The Petitioner was set for trial on the 9-27-05 the State denied his trial again, which he would not have a fair trial because of oppressive pretrial incarceration, and anxiety, and he will be impaired by loss of witnesses and evidence, he suffered prejudice, because delay before trial is uncommonly long, the government is more to blame for that delay, and Petitioner did asserted his right to a speedy trial and suffered prejudice as a result of the delay in cases CC-2003-187-418-419, without an bail. In case CC-2004-347 an excessive $200,000 which that case was

1

DISMISS ON THE 9-27-05, REASON FOR DISMISS, BECAUSE IT WAS MORE THAN ONE YEAR AFTER PETITIONER INDICTMENT, THE DELAY MUST BE PRESUMPTIVELY PREJUDICIAL.

2. ON OR ABOUT THE 9-27-05, WHERE EVIDENCE TO SUSTAIN FINDING THAT PROSECUTOR AND DEFENSE ATTORNEY, COERCED PETITIONER TO ENTER GUILTY PLEA, THE PLEA WAS NOT VOLUNTARY, BECAUSE THE RESULT OF FORCE AND THREATEN AND COERCED, AND PROMISE WAS MADE TO THE PETITIONER BY THE STATE ATTORNEY AND BY HIS DEFENSE COUNSEL IF HE PLEA GUILTY, THE PETITIONER COUNSEL TOLD HIM HE WOULD BE RELEASE FROM CUSTODY FOR TIME SERVED WHEN THE COURT GRANT HIS JAIL CREDIT, WHICH HIS COUNSEL WAS UNTRUE TO PETITIONER, SEE COPY OF CASE ACTION SUMMARY CONTINUATION, ORDER, AND COPY OF ALABAMA DEPARTMENT OF CORRECTIONS INMATE SUMMARY AS OF 11/08/2005, SHOWN NO JAIL CREDIT.

3. PETITIONER FILE MOTION TO WITHDRAW GUILTY PLEA, AN HEARING WAS HELD NOV-8-05, THE HEARING WAS CONTINUE TIL THE 12-1-05 TRIAL JUDGE DENIED JAIL CREDIT, HE LET PETITIONER WITHDRAW HIS GUILTY PLEA, HE ORDER ALL CHARGES BE REINSTATED, AND PETITIONER TO REMANDING IN CUSTODY UNTIL TRIAL, WITHOUT AN BAIL, PETITIONER REQUESTS BAIL PENDING OF THIS PETITION

2

4. The Petitioner has been held 17 months unlawful because of denial of opportunity to give bail as supporting action for false imprisonment 98 ALR2d 966, 3 ALR4th 1057. Petitioner requests a Bail Pending of his Petition.

5. A defendant who fails to appear for trial is again entitled to bail, however, the state is not without its remedies. The trial judge can raise the amount of the second bond, require additional sureties, and add additional conditions as seem necessary. Shabazz v. State, 440 So.2d 1200 (Ala. Crim. App. 1983). Petitioner requests a Bail Pending of his Petition.

6. In cases CC-2003-187-418-419, and CC-2004-347, the proof is not evident or the presumption great and there exists a well-founded doubt as to the petitioner guilt he should be allowed bail as a matter of right. Ex Parte Banks, 28 Ala 89 (1856), and if the evident is circumstantial and does not exclude to a moral certainty every hypothesis of guilt, the petitioner should be allowed bail. Ex Parte Howard, 30 Ala. 43 (1857). Bail should not be refused if crime is not punishable capitally. Ex Parte McAnally, 53 Ala. 495 (1875). Petitioner requests a Bail Pending of his Petition.

7. Habeas Corpus is a writ of Right: It is a legal process employed for the summary vindi-

3.

cation of the right of personal liberty when illegally restrained. Ex Parte Campbell, 20 Ala. 89 (1852). Petitioner requests a bail pending of his petition.

8. The petitioner has prove and demonstrated that he has been held illegally restrained on misdemeanor charges in his answer to the respondents submitted the 22 day of Nov, 2005, see page (7) the state did not have any real evidence to mark as exhibit to introduced a controlled substance into as evidence. Also see page (4). Petitioner requests bail pending of his petition.

9. Federal court's authority to release a pretrial detainees because of unconstitutional punished and abusive treatment, and applying cruel and unusual punishment clause, and violated right to due process of law of Fourteenth Amendment. Due process clause forbids punishment of a person held in custody awaiting trial but not yet adjudged guilty of any crime, petitioner request a release on own recognizance and surety in course of habeas corpus proceeding derived not from any specific statute or rule but rather it is inherent from power to issue writ itself. Petitioner requests bail or his state charges be dismiss, because delay presumptively prejudicial on all state case.

4

HELD WITHOUT BAIL IS AN ABUSE OF DISCRETION

10. PETITIONER DEMAND END OF JUSTICE: A FEDERAL TRIAL JUDGE CLEARLY HAS THE POWER AND IF ENDS OF JUSTICE IS DEMAND, THE DUTY TO REACH THE MERITS IN PROCEEDING FOR FEDERAL COLLATERAL RELIEF. HE REQUEST BAIL PENDING OF THIS PETITION, OR IMMEDIATE RELEASE. WHEREFORE THE PETITIONER WAS TOLD BY THE CIRCUIT JUDGE NOT TO FILE ANY PRO, SE MOTIONS OR PETITION THEY WILL BE SENT BACK TO PETITIONER HE ALSO TOLD THE CLERK IN OPEN COURT THE SAME THING THE PETITIONER REQUEST UPON THIS AMEND AND PRAYS THAT THE COURT GRANT THIS AMEND AND ORDER A IMMEDIATE RELEASE OR A BAIL BE SET AS A MATTER OF LAW. CIRCUIT JUDGE MADE STATEMENT NOV-8-2005. RESPECTFULLY SUBMITTED THIS THE 16 DAY OF DEC, 2005. _Sarjie Earl Jones_
SIGNATURE OF PETITIONER

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AMEND IS TRUE AND CORRECT.

12-16-05
DATE

_Sarjie Earl Jones_
SIGNATURE OF PETITIONER

CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THE FOREGOING AMEND PLEADING HAS BEEN SERVED UPON ATTORNEY GENERAL, AND FOR ALL PARTIES TO THIS PROCEED BY MAILING TO SAME TO EACH BY FIRST CLASS MAIL, UNITED STATES, PERSONAL SERVICE ON THE 16 DAY OF DEC, 2005, SIGNATURE OF PETITIONER _Sarjie Earl Jones_

5