IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, #156610, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:05cv701-MEF |
| ) | (WO) |
| ) | |
| ANTHONY CLARK, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a petition for a writ of habeas corpus filed by Laryie Earl Jones ("Jones") on July 29, 2005. (Doc. No. 1.) In his petition – which he filed when he was incarcerated in the Covington County, Alabama, jail awaiting trial on state charges of possession of cocaine and possession of drug paraphernalia – Jones alleges that (1) his right to a speedy trial was violated by the State of Alabama's failure to bring him to trial in a timely fashion and (2) the amount of pretrial bail set by the state trial court was excessive.[1] On May 25, 2006, while his petition was pending in this court, Jones pleaded guilty to the state charges against him.[2] On July 10, 2006, the trial court sentenced Jones to life in prison

---

[1] Jones filed a motion to amend his habeas petition on September 7, 2005, essentially reasserting the issues raised in his original petition. (Doc. No. 9.)

[2] *See* Covington Circuit Court Cases CC-2003-187, CC-2003-418 & -419, and CC-2004-347. The facts herein are gleaned from Jones's petition and associated pleadings, the Respondents' submissions, and this court's records, including the file maintained in *Jones v. Mosley, et al.*, Civil

for possession of cocaine and to one year in prison for possession of drug paraphernalia, the sentences to run concurrently. For the reasons that now follow, this court concludes that Jones is not entitled to any relief based on the claims in his petition.

## II. DISCUSSION

Jones filed this action, by which he seeks pretrial habeas relief, on the form used for filing habeas applications under 28 U.S.C. § 2254. However, a petitioner may not seek pretrial habeas relief under 28 U.S.C. § 2254. "[T]hat section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. § 2254(a) and (b)). Pretrial habeas petitions are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson*, 816 F.2d at 224; *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J. dissenting). Therefore, to the extent that Jones presents claims by which he seeks pretrial relief, his petition is properly considered under the provisions of 28 U.S.C. § 2241.

That being said, Jones's claims are now clearly moot to the extent that he (a) challenges his pretrial custody on speedy trial grounds by seeking enforcement of his right

---

Action No. 2:06cv821-MHT (M.D. Ala.). Jones previously pleaded guilty to the same charges in the Covington Circuit Court on September 27, 2005. However, he then filed a motion with the trial court to withdraw his guilty pleas. On December 1, 2005, the trial court granted the motion to withdraw the guilty pleas and restored the cases to the trial docket.

to be brought to trial in a timely fashion and (b) seeks a reduction in his pretrial bail. After filing his habeas petition, Jones pleaded guilty to, and was convicted of, the state charges against him. Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction. *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). Even a favorable decision on Jones's claims would not afford him an expedited trial or a reduction in pretrial bail now that has been convicted. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (claim becomes moot when the controversy between the parties is no longer live).

By his speedy trial claim, Jones also seeks wholesale dismissal of the charges against him.[3] While a speedy trial claim seeking the remedy of dismissal is not moot in Jones's case – as Jones's conviction would not necessarily preclude the overturning of his conviction and dismissal of the charges against him based on a speedy trial violation – such a claim does not entitle Jones to relief here. It is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 489-92 and citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). A federal court cannot provide habeas review for pretrial speedy trial claims if

---

[3]This court construes Jones's petition to seek two different remedies premised on his speedy trial claim: (1) enforcement of the state's obligation to bring him promptly to trial and (2) dismissal of the charges against him, barring the state from proceeding to trial. As noted above, his speedy trial claim seeking an expedited trial was mooted by his guilty pleas and conviction. As noted herein, pretrial habeas relief is not available to adjudicate the merits of a speedy trial claim and bar the state from proceeding to trial.

the petitioner is attempting to "derail a pending state proceeding." *Moore v. DeYoung*, 515 F.2d 437, 445-46 (3rd Cir. 1975); *see also Braden*, 410 U.S. at 489-91 (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to ta state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial). Thus, before Jones's conviction, dismissal of the charges against him was not an available pretrial remedy for a speedy trial challenge in his federal habeas corpus petition.

Now that he has been convicted and is in custody pursuant to the state court's judgment of conviction, Jones could conceivably seek a post-conviction remedy of dismissal based on a speedy trial challenge asserted in a habeas petition filed pursuant to 28 U.S.C. § 2254. *See Dickerson*, 816 F.2d at 224; 28 U.S.C. § 2254(a) and (b). However, the law directs that a petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A § 2254 petition for habeas corpus relief is not ripe for review by a federal court where the challenged state convictions and sentences are not final at the time of filing. *Maharaj v. Secretary for*

*Department of Corrections*, 304 F.3d 1345, 1348-49 (11th Cir. 2002). *See also Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts must adhere to the "fundamental policy against federal interference with state criminal proceedings.").

The pleadings and supporting documents and the records of this court establish that Jones has not yet exhausted his available state court remedies. Jones may raise the speedy trial claim here presented in the direct appeal pending before the Alabama Court of Criminal Appeals, and upon conclusion of the direct appeal process, he may file a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. This court does not deem it appropriate to rule on the merits of the asserted claim without requiring that Jones first exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of the state court proceedings, as this court has been presented with no "good cause for the petitioner's failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269 (2005).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant petition for habeas corpus relief be DENIED AS MOOT in part and DISMISSED WITHOUT PREJUDICE in part. Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition be denied as moot to the extent that Jones (a) challenges his pretrial custody on speedy trial grounds by seeking enforcement of his right to be brought to trial in

a timely fashion and (b) seeks a reduction in his pretrial bail.

    2. The petition be dismissed without prejudice to the extent that Jones seeks dismissal of the state charges against him and a subsequent bar to a state prosecution based on such charges.

    It is further

    ORDERED that the parties shall file any objections to the said Recommendation on or before September 4, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of August, 2007.

      /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE